[Crim. No. 4248. First Dist., Div. Two. Sept. 12, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. PER I. MEIDELL, Defendant and Respondent.

AGEE, J.— The People appeal from an order setting aside the forfeiture of defendant's bail. Such an order is appealable (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 654-655 [2 Cal.Rptr. 754, 349 P.2d 522]).

Defendant has not filed any brief and therefore we accept as true the statement of facts in the appellant's opening brief. (Cal. Rules of Court, rule 17(b)*.)

*Formerly Rules on Appeal, rule 17(b).

Defendant had been charged with three violations of section 288 of the Penal Code. He posted bail of $2,625 by a bond issued by a bonding company and was then released from custody.

After certain proceedings not pertinent herein, defendant was required to appear on May 11, 1962 before the Superior Court, Honorable William F. James presiding, for the pronouncement of judgment.

On May 10, 1962, the local agent of the bonding company learned that defendant had fled the United States by plane. The agent at once obtained a certification from the court in order to return the defendant into custody if he could be located.

On the same date defendant's wife advised the agent that defendant had fled to Norway and that she would guarantee payment in full of the bond which was then subject to forfeiture.

On May 11, 1962, defendant's wife purchased a cashier's check in the amount of $2,625 and delivered it to the agent. That same day the order of forfeiture was made on the basis that the defendant had failed to appear as required.

Subsequently, defendant voluntarily returned and submitted to the jurisdiction of the court. On July 20, 1962, he was committed to the Atascadero State Hospital as a sexual psychopath. At this time, defendant moved that the forfeiture of bail be set aside under the provisions of section 1305 of the Penal Code. The motion was granted and this appeal ensued.

However, the motion to set aside was made by the defendant alone. The bail expressly disclaimed any intention to make such a motion.

Section 1305 sets forth two grounds on which relief from bail forfeiture may be granted: 1) where the defendant's absence is excusable, or 2) where the defendant's absence was not with the connivance of the bail.

It cannot even be contended that defendant's motion was made on the first of these grounds. In fact, his counsel admitted at the hearing that defendant's absence was without excuse. Even if he had not made this admission, there is nothing in the record to support a contrary finding.

Therefore the court's order must have been based upon the second ground, pertaining to the connivance of the bail. The record is clear that there was no such connivance.

However, the question is whether the defendant was

entitled to relief under this provision of section 1305. The nonconnivance of bail provision under which relief from forfeiture may be granted was intended to afford relief to a bail that returns an absconding defendant to custody. It should not be available to a defendant who, otherwise, is not entitled to relief because his absence is without excuse.

On the record in this case, the trial court's construction of section 1305 would enable a defendant whose bail has been forfeited to come into court and successfully move to set aside the forfeiture solely on the ground that he had not informed his bondsman about his plans to flee, thus eliminating any possibility of connivance with the bondsman. It appears that the court erred in this construction.

We note that the order appealed from was made on August 3, 1962, and that the notice of appeal was filed on August 24, 1962. This is within the time prescribed for civil appeals by rule 2 of the California Rules of Court.* In criminal appeals, the notice of appeal must be filed within 10 days after the making of the order appealed from (Cal. Rules of Court, rule 31†).

The law is apparently settled that the instant proceeding is civil in nature. In *People* v. *Wilcox, supra,* at page 654, the Supreme Court stated: "The forfeiture of bail is an independent, collateral matter, civil in nature, . . ."

This principle is recognized in *People* v. *Doe,* 172 Cal.App. 2d Supp. 812, wherein it is stated, at pages 814-815 [342 P.2d 533]: "An order refusing to set aside forfeiture of bail is appealable. [Citing authorities.] We conclude that such an appeal is a civil, and not a criminal, appeal. ... This appeal, therefore, was taken in time."

The order is reversed.

Shoemaker, Acting P. J., concurred.

---

*Formerly Rules on Appeal, rule 2.

†Formerly Rules on Appeal, rule 31.