[Crim. No. 4354. First Dist., Div. Three. Dec. 20, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. RICHARD SAMUEL J. ROLLEY, Defendant and Respondent; THE NATIONAL AUTOMOBILE CASUALTY INSURANCE COMPANY, Bail Bondsman and Respondent.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Appellant.

Ralph R. Rubin for Defendant and Respondent.

DRAPER, P. J.—This appeal requires construction of an ambiguous code section governing relief from forfeiture of bail (Pen. Code, § 1305). Following Rolley's indictment and arrest, bail bond of $4,200 was posted by the surety company which is respondent here. Rolley failed to appear for trial December 21, 1962, and on that day his bail was ordered forfeited. He was arrested by federal authorities in Albuquerque, New Mexico, February 9, 1963, and remains in federal custody. Motion to discharge the forfeiture was made February 28. The trial record is not clear, but it is now agreed that the motion was made by respondent surety. The trial court granted the motion and set aside the forfeiture of bail. The People appeal.

The order is appealable (*People* v. *Wilcox*, 53 Cal.2d 651, 654-655 [2 Cal.Rptr. 754, 349 P.2d 522]).

Section 1305 of the 1872 code was simple and direct. It required forfeiture of bail on defendant's unexcused failure to appear and limited the time within which the forfeiture could be discharged upon showing of satisfactory excuse for non-appearance. Only the requirement of forfeiture remains

unchanged. Each amendment (Stats. 1905, ch. 539, p. 701; Stats. 1927, ch. 735, p. 1386; Stats. 1945, ch. 1303, p. 2454; Stats. 1955, ch. 1421, p. 2590; Stats. 1961, ch. 942, p. 2574) has added language to broaden the surety's right to vacate the order of forfeiture.

By 1962, several grounds for relief from forfeiture were allowed on application made within 90 days after the minute entry reciting defendant's failure to appear. The section's second sentence allowed such relief if both the defendant and his bail appear, excuse the failure to appear or show that it "was not with the connivance of the bail." Alternatively, the third sentence allowed relief, without appearance of the defendant, within the same 90-day period, on a showing that defendant "is physically unable, by reason ... of detention by civil or military authorities, to appear in court at any time during said 90 days."

The section is not clear in its application to the facts before us. Appellant argues that defendant's Albuquerque detention must have continued for the entire 90 days, and that, since he was at liberty from December 21 to February 9, his bail cannot be relieved of the forfeiture. Respondent surety, however, contends that if the arrest elsewhere is made within 90 days, and results in incarceration continuing beyond the remainder of that period, relief may be granted. The first construction would be clear if the section allowed relief only if "defendant has been and will remain unable to appear throughout said 90 days." The second would be made plain if the language were "will be unable to appear during the remainder of said 90 days." The purpose of the statute indicates that the latter construction is the better.

Such statutes are intended to provide the bail with an incentive to secure the arrest of the defaulting defendant (8 Am.Jur.2d 875). The second sentence of our statute achieves this aim by permitting relief to the bail who returns defendant to custody and procures his appearance in court (*People* v. *Meidell*, 220 Cal.App.2d 105, 106-107 [33 Cal. Rptr. 564]). The third sentence, insofar as it applies to a defendant detained by civil authority, seems designed to avoid penalizing the bail who has in fact procured a defaulting defendant's arrest, but who is prevented from effecting his immediate return because the arresting authorities detain the defendant beyond the 90-day period. That purpose would be defeated if the prosecution's view were adopted, for the briefest freedom of an absconding defendant, which almost

inevitably would continue at least for moments after minute entry of his default, would dispel all interest of the bail in his ultimate arrest and return. The orderly procedure for effecting his return is to locate him and to procure his arrest where found. That course was followed by the bail here, who expended time and effort in securing defendant's arrest in Albuquerque. The circumstance that the arresting authority also had ground to prosecute and detain him should not deprive the bail of all benefits of substantially assuring his ultimate return for trial here.

The People rely upon a decision of the appellate department of the superior court (*People* v. *Houle*, 153 Cal.App.2d Supp. 894 [316 P.2d 100]) which is squarely contrary to the result we have reached. But disapproval of that decision is implicit in a recent decision of the District Court of Appeal (*People* v. *Durbin*, 218 Cal.App.2d 851 [32 Cal.Rptr. 573]; see also *People* v. *Durbin*, 218 Cal.App.2d 846 [32 Cal.Rptr. 569]). We expressly reject the reasoning of *Houle*.

It is of interest to note that the 1963 session of the Legislature again amended section 1305. This amendment (Stats. 1963, ch. 2014) substitutes the word "shall" for "may" in both the second and the third sentences, thus making relief from default mandatory on showing of the required conditions, although retaining the trial court's right to impose "such terms as may be just." The amendment became effective only after the facts here in issue, and does not apply to our case. It is of some significance, however, in showing the continuing legislative trend toward broader relief from forfeiture of bail.

Upon the trial court's announcement of granting the motion for relief from forfeiture, the prosecution immediately moved to vacate that order. Although this motion was but a pro forma echo of the opposition to relief from forfeiture, plaintiff appeals from its denial. That appeal is dismissed.

Order setting aside forfeiture of bail is affirmed.

Salsman, J., and Devine, J., concurred.