[Civ. No. 25628. First Dist., Div. Three. Jan. 26, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
UNITED BONDING COMPANY et al., Defendants and Appellants.

---

**COUNSEL**

Ash & Carotta and Cyril R. Ash, Jr., for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**CALDECOTT, J.**—This is an appeal from an order of the superior court denying appellant bonding company's motion to set aside bail forfeiture and exonerate the bail.

In the criminal proceeding the defendant, Gwendolyn Lee Scoma (herein referred to as defendant) was charged with a violation of Health and Safety Code section 11530 and failed to make a scheduled appearance in court. A bench warrant was issued for her arrest, and her bail was ordered forfeited. Through the efforts of the bail bondsman the defendant personally appeared in court on July 11, 1967, with her attorney. At that time she moved to set aside the bail forfeiture. Her attorney stated to the court: "[A]ctually, she had no legal excuse to offer the Court. She panicked." The motion was denied.

A prior motion of the defendant to set aside the information under Penal Code section 995 was granted at this time. The defendant was released by the court and has not been seen since.

On November 27, 1967, the appellant appeared in court and moved under Penal Code section 1305 to set aside the bail forfeiture on the ground of noncollusion. There does not appear to be any question as to the adequacy of appellant's testimony to qualify for relief under Penal Code section 1305. The only issue raised was the nonappearance of the defendant at this hearing. Appellant testified that after a diligent search defendant could not be located. The motion was denied and appellant filed this appeal.

The sole issue raised by this appeal is whether Penal Code section 1305 requires that both the bondsman and the defendant be present in court at the hearing.

Penal Code section 1305 provides in part as follows: "But if at any time within 180 days after such entry in the minutes [of the fact of defendant's default and the forfeiture of bail] . . . the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just."

Neither counsel nor the court was able to find a case directly in point. The respondent maintains that the defendant's appearance is required by statute so that the defendant can be subject to cross-examination at the hearing on the motion to set aside the forfeiture. The appellant maintains that the appearance by the defendant at such a hearing is a useless act and should not be required.

In construing Penal Code section 1305, this court, in *People* v. *Rolley,* 223 Cal.App.2d 639, 641 [35 Cal.Rptr. 803], stated that "[s]uch statutes are intended to provide the bail with an incentive to secure the arrest of the defaulting defendant (8 Am.Jur.2d 875). The second sentence of our statute achieves this aim by permitting relief to the bail who returns defendant to custody and procures his appearance in court (*People* v. *Meidell,* 220 Cal.App.2d 105, 106-107 [33 Cal.Rptr. 564])." In *People* v. *Wilcox,* 53 Cal.2d 651, 656-657 [2 Cal.Rptr. 754, 349 P.2d 522], the Supreme Court stated, "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court. In matters of this kind there should be no element of revenue to the state nor punishment of the surety. (*People* v. *Calvert, supra,* 129 Cal.App.2d 693 [277 P.2d 834].)" The court in *Rolley, supra,* also pointed out that section 1305 was amended in 1963 to make relief from default mandatory on showing of the required conditions and that such an amendment was of significance "in showing the continuing legislative trend toward broader relief from forfeiture of bail." (223 Cal.App.2d at p. 642.)

█ Penal Code section 1305 provides in part that defendant and his

bail must appear within 180 days following the entry in the minutes of the default and the forfeiture. The section in its original form did not require the appearance of both the defendant and his bail. It was sufficient if either one appeared. However, in its present form, specifying that the defendant and his bail appear, the section actually insures the physical appearance of the defendant in court following his default within the prescribed 180 days. Thus the purpose of this provision is to prevent a setting aside of the foreiture prior to the defendant's actual physical appearance in court after his default.

In the present case the defendant did appear on July 11, 1967 and thus defendant's required appearance under section 1305 was satisfied. The fact that her attorney made a motion to set aside the forfeiture at that time is immaterial to this case. No further purpose would be served by her appearance at the hearing on November 27 as the statute does not require both the defendant and the bail to be present at the same time.

The defendant and her bail appeared in court within 180 days of the entry in the minutes of default and forfeiture and thus these requirements of the statute were fulfilled.

The order appealed from is reversed, and the trial court ordered to set aside the forfeiture upon such terms as may be just.

Draper, P. J., and Brown (H. C.), J., concurred.