[Civ. No. 14072. Third Dist. Mar. 6, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
WILSHIRE INSURANCE COMPANY et al.,
Defendants and Appellants.

John W. Ewing, John E. Virga and Phil Hiroshima for Defendants and Appellants.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Eddie T. Keller and Willard F. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EVANS, J.**—Wilshire Insurance Company and Eldon Wilson, doing business as Action Bail Bonds, its agent, appeal from an order denying a

motion to vacate forfeiture of Wilshire's bail bonds posted to secure the release from custody of Sebastian Angel Martinez in criminal proceedings then pending against him. We have determined the order and judgment appealed from must be affirmed.

Martinez was charged by indictment on October 26, 1971, and arraigned November 2, 1971.[1] He entered pleas of not guilty to the charges, and after various pretrial motions and proceedings, trial was set for May 2, 1972. Bail was fixed at $25,000, and the defendant released on bond. On the date of trial, Martinez failed to appear. His trial attorney stated he knew of no reason why Martinez was not present. The court ordered that bail posted by appellant Wilshire Insurance Company be forfeited and a bench warrant issue. Formal notice of forfeiture of bail as required by section 1305 of the Penal Code was given to the named surety, Wilshire Insurance Company, and its agent, Action Bail Bonds. The 180-day period prescribed by section 1305 of the Penal Code,[2] within which an order of forfeiture may be set aside, ended October 30, 1972. This date is not in dispute.

On October 30, 1972, counsel for appellants telephoned the clerk of the court and requested that a hearing be set for November 2, 1972, on an oral motion for stay of execution of final forfeiture of the bonds. This telephone request was confirmed by letter, and on November 2, 1972, the court convened to consider the informal motion. The matter was then continued to November 9, 1972. Thereafter, the motion was continued at the request of appellants for two more weeks to permit an investigation in Mexico concerning the possible death of the defendant Martinez. On

---

[1]Martinez was charged in three counts with violation of sections 11500, 11500.5 and 11501 of the California Health and Safety Code.

[2]Section 1305 of the Penal Code provides in part as follows: "But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just, *and may order the bail reinstated and the defendant released again on the same bond. If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.*

"If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. . . ." (Italics added.)

November 24, December 18, and December 29, 1972, appellants and respondent offered testimony on the issue of the death of the defendant Martinez. On January 2, 1973, judgment was granted in favor of respondent in the sum of $25,000, the face value of the bail bonds. The judgment was based upon jurisdictional grounds and also on the merits. This appeal ensued.

Appellants raise two issues on appeal. First, that the court had jurisdiction to vacate the forfeiture order after the expiration of the 180-day period provided in section 1305 of the Penal Code; and second, that the trial court's order denying the motion to vacate the forfeiture results in a miscarriage of justice.

### JURISDICTION

The statute setting forth the requirements empowering a court to set aside a bail forfeiture (Pen. Code, § 1305) sets jurisdictional time limitations for the commencement of the procedure and for the making of the order. (*People* v. *Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *People* v. *Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380 [31 Cal.Rptr. 208]; *People* v. *United Bonding Ins. Co.* (1969) 272 Cal.App.2d 441 [77 Cal.Rptr. 310].) The burden is upon the bonding company seeking to set aside the forfeiture to establish by *competent evidence* that its case falls within the four corners of the statute. *(People* v. *United Bonding Ins. Co., supra.)*

The showing of excuse *must* be made to the satisfaction of the court *within the 180-day period. People* v. *National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150, 153 [51 Cal.Rptr. 212], held that a forfeiture cannot be set aside where the hearing was continued to a date beyond the jurisdictional period.

The trial court here was without jurisdiction to consider the evidence presented by appellants after October 30. Since the judgment against the bail is one taken by consent, the obligation assumed is absolute but for the defenses set forth in section 1305, and these must be asserted within the limited period or the court loses jurisdiction. (*People* v. *Black, supra,* 55 Cal.2d 275, 277; *People* v. *Stuyvesant Ins. Co., supra,* 216 Cal.App.2d 380, 382; *People* v. *National Auto. & Cas. Co., supra,* 242 Cal.App.2d 150, 153.)

The statutory 180-day period prescribed by section 1305 expired on

October 30, 1972. Not until November 24 did the appellants attempt to present to the court any evidence, competent or otherwise, that the defendant Martinez was dead and that they were therefore entitled to the defenses of section 1305.

The court was without jurisdiction to order the forfeiture set aside.

### MISCARRIAGE OF JUSTICE

■ Although not essential to the disposition of the appeal, appellants' contention that the court's ruling resulted in a miscarriage of justice requires comment. Appellants rely upon the general equitable principle that the law abhors forfeitures. That basic principle has not been violated in the instant case. The statute with which we are here dealing requires a forfeiture under specific conditions, and also provides for relief from the forfeiture under certain conditions. The opportunity for relief provided for in section 1305 of the Penal Code has, in fact, been specifically equated by the courts to the equitable principle referred to, and the statute has been strictly construed to require the trial court to quickly issue its forfeiture order, and to notify the bondsman promptly upon the failure of the defendant to appear in order to afford the bondsman full use of the 180-day prescribed period to cure the forfeiture. (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].) The order of forfeiture here was issued the day of non-appearance by the defendant (trial day). Notice was promptly mailed the day following to appellants Wilson and Wilshire Insurance Company in full compliance with the statutory provisions. No miscarriage of justice has resulted.

The order and judgment appealed from are affirmed.

Janes, Acting P. J., and Paras, J., concurred.

A petition for a rehearing was denied March 25, 1975, and appellants' petition for a hearing by the Supreme Court was denied May 1, 1975.