[Civ. No. 15463. Fourth Dist., Div. Two. Aug. 16, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
WILSHIRE INSURANCE COMPANY,
Defendant and Appellant.

**COUNSEL**

Howard Meyerson for Defendant and Appellant.

Adrian Kuyper, County Counsel, and Terry E. Dixon, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**TAMURA, J.**—This is an appeal by a bail bond surety (Wilshire Insurance Company) from an order denying its motion to vacate a forfeiture of bail.

The pertinent facts are undisputed:

On April 3, 1974, Wilshire posted a $2,500 bail bond on behalf of defendant in the above entitled action. On July 17, 1974, defendant failed to make a court appearance in superior court as previously ordered. The court forfeited bail and the clerk of the court mailed notice of the forfeiture to Wilshire and its agent. The following day defendant appeared in court with his counsel; the court discharged the forfeiture of the bond and released defendant on the same bond with an order to return on August 28 for trial.[1] On defendant's failure to appear for trial on August 28, the court ordered the bond forfeited. On August 29, the clerk of court mailed notice of the forfeiture to Wilshire and its agent.

On February 19, 1975, Wilshire filed a motion (noticed for hearing on March 3, 1975) to discharge the August 28 forfeiture and to exonerate the bond. The motion was made on the ground that defendant's failure to appear was excusable and was without collusion or connivance of the surety and on the further ground that "there was an invalid reinstatement and failure to comply with Penal Code 1305." The hearing on the motion was continued from March 3 to March 24, thence to April 24, and thence to April 30 on which date the matter was heard and submitted for decision. On July 16, 1975, the court rendered a memorandum of decision in which it determined that the surety's motion was untimely with respect to both the forfeiture order of July 17 and the order of August 28 and that the court therefore lacked jurisdiction to grant the motion. Accordingly, the motion was denied.

On appeal Wilshire contends that the court erred in denying the motion for lack of jurisdiction. On the merits Wilshire urges that the motion should have been granted because the July 18 order releasing defendant on the same bond was invalid in that it was made in the absence of and without the consent of the surety. For the reasons to be stated, we have concluded that although the order cannot be sustained on the jurisdictional ground relied upon by the court below, the motion was properly denied because it lacked substantive merit.

## I

We first address ourselves to the validity of the trial court's determination that it lacked jurisdiction because the motion was untimely as to both forfeiture orders.

---

[1]The minute order merely states in pertinent part: "Bail forfeiture set aside. Defendant ordered to return." However, since both parties agree that defendant was ordered released on the same bond, we shall assume that to be a fact.

With respect to the July 17 order, the 180 days prescribed by Penal Code section 1305 (hereafter section 1305) within which to file the motion had clearly run.[2] Wilshire's motion, however, was not directed to the July 17 forfeiture order. Its position with respect to that order is that it was unnecessary to make a motion to set it aside because the court had already done so on its own motion. Thus the question whether the surety's motion was timely made pertains only to the August 28 forfeiture.

[2]Section 1305 provides in pertinent part:

"(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, and, if the amount of the forfeiture exceeds fifty dollars ($50), the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond or depositor of money instead of a bond, and shall execute an affidavit of such mailing and place it in the court's file in the case. If the surety is an authorized corporate surety insurer, and if the bond has plainly printed or stamped thereon the address of its principal office in California, such notice shall be mailed to such surety at such address, and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond.

"But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just, and may order.the bail reinstated and the defendant released again on the same bond. If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.

"If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is dead or is otherwise permanently unable to appear in court due to illness, insanity, or detention by civil or military authorities, and that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just. If within 180 days after such entry in the minutes or mailing as the case may be, it is made to appear to the satisfaction of the court that the defendant is temporarily disabled by reason of illness, insanity, or detention by civil or military authorities and is therefore unable to appear in court at any time during the remainder of such 180 days, and that the absence of the defendant has not been with the connivance of the bail, then the period of time during which the disability continues shall not be deemed part of such 180 days. Upon a finding by the court that a reasonable period of time is necessary in order to return the defendant to court upon the termination of the disability, then such period of time, as fixed by the court, shall not be deemed part of such 180 days.

"Unless waived by the district attorney or other prosecuting attorney, no order discharging the forfeiture of the undertaking or deposit shall be made without

■ As to the August 28 order, the 180 days expired on February 25, 1975. The surety's notice of motion was filed on February 19 (within the 180 days) but was noticed for hearing on March 3, a date beyond the statutory period. The trial court interpreted section 1305 as requiring the notice to be filed *and* the hearing to be set on a date within the 180 days. It held that since the hearing date "selected by the moving party" was more than 180 days from the date of mailing of the notice of forfeiture, the court lacked jurisdiction to grant the motion, citing *People* v. *National Auto. & Cas. Co.,* 242 Cal.App.2d 150, 153-154 [51 Cal.Rptr. 212], and *People* v. *Wilshire Ins. Co.,* 45 Cal.App.3d 814, 817 [119 Cal.Rptr. 702].[3] On this appeal, counsel for the People rely upon the same authorities in support of the trial court's order.

Both of the cited cases did hold that a court lacks jurisdiction to act where, at the surety's request, the motion is calendared for hearing on a date beyond the 180-day period even though the notice of motion may have been timely filed. However, *People* v. *National Auto. & Cas. Co., supra,* 242 Cal.App.2d 150, was decided prior to the 1969 amendments to section 1305. In 1969 the Legislature added the following pertinent provision to the section: "Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination." (Stats. 1969, ch. 1259, pp. 2462-2464, ch. 1194, pp. 2327-2328; eff. Nov. 10, 1969.) As a result of the amendment, if a notice of motion is filed within 180 days the fact that the hearing is set for a date beyond that period does not divest the court of

---

opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief, with proof of service upon the district attorney or other prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination."

[3]The surety contends that the hearing date was selected by the court clerk and not by the surety. However, since the statute requires 10 days' notice to the district attorney, the surety by filing the notice of motion on February 19 caused the hearing date to be set on March 3. That was the first business day on which the motion could be heard in compliance with the 10-day notice requirement.

jurisdiction to act.[4] The trial court's conclusion to the contrary was incorrect.

■ The question remains, however, whether the court lacked jurisdiction because the motion was not heard and determined within the additional 30-day period specified by section 1305. The section as amended provides that the motion "must be *heard and determined within 30 days* after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination." (Italics supplied.) In the case at bench the motion was neither heard nor determined within the 30-day period. The 30th day after the 180 days was March 27; due to several continuances, the motion was not heard until April 30 and was not determined until July 16. The various extensions of time were by brief minute orders which fail to reveal on their face whether "good cause" was shown. Nevertheless, the superior court being a court of general jurisdiction, we must presume that good cause was shown. A judgment or order of a superior court is presumed to be correct; all intendments and presumptions consistent with the record must be indulged in favor of its orders and judgments. (*Walling* v. *Kimball,* 17 Cal.2d 364, 373 [110 P.2d 58]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, pp. 4225-4226, and cases there cited.)

We conclude that the order below may not be affirmed on the jurisdictional grounds relied upon by the court below. Thus, we must decide whether the order is sustainable on the ground that Wilshire's motion lacked substantive merit.

II

■ On the merits, Wilshire contends that the order of July 18 reinstating bail and releasing defendant on the same bond was invalid because it was made without the consent of the surety.

---

[4]*People* v. *Wilshire Ins. Co., supra,* 45 Cal.App.3d 814, cited by the People, did involve the application of the section to a motion to discharge forfeiture made after the effective date of the 1969 amendments and at first blush might appear inconsistent with the result we reach. The court, relying upon cases decided before the effective date of the amendment in question, held that "[t]he showing of excuse *must* be made to the satisfaction of the court *within the 180-day period.*" (45 Cal.App.3d at p. 817; original italics.) However, it is noteworthy that in that case a formal written notice of motion was not filed within the statutory 180 days. On the 180th day, the surety simply made a telephone call to the clerk of court and requested a hearing date for an oral motion to stay execution on the forfeiture of the bond. This was manifestly not in compliance with the statutory requirement that a notice of motion be filed within 180 days "setting forth the basis for relief."

The argument is based on the following provision of section 1305: "But if at any time within 180 days after such entry in the minutes or, if mailing of notice of forfeiture is required, within 180 days after mailing such notice of forfeiture, *the defendant and his bail appear,* and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just, *and may order the bail reinstated and the defendant released again on the same bond.*" (Italics supplied.) Wilshire maintains that the statutory language must be interpreted to preclude a court from reinstating a defendant's bail and releasing him on the same bond without the assent of the surety.

The surety's argument is premised in part on the theory that "reinstatement" creates a new contract obligation thereby necessitating the consent of the surety. In support of its contention, the surety relies on *People* v. *McReynolds,* 102 Cal. 308 [36 P. 590]. The reliance is misplaced. In the first place, *McReynolds* involved a situation where a defendant was by order of court taken into the custody of the sheriff and thereafter released on the same bond. The Supreme Court reasoned that since a surety may, at any time it is fearful that a defendant may not appear, surrender him and be exonerated (Pen. Code, § 1300), exoneration must also result when the court itself places the defendant in the custody of the sheriff. *McReynolds* has been held to be inapplicable when a defendant is not taken into custody before his release on the same bond. (*People* v. *United Bonding Ins. Co.,* 274 Cal.App.2d 898, 902-903 [79 Cal.Rptr. 579].)

Moreover, at the time *McReynolds* and like cases were decided, section 1305 did not contain a provision for reinstatement of bail and release on the same bond. As amended in 1972 the section expressly provides that upon discharge of forfeiture, the court "may order the bail reinstated and the defendant released again upon the same bond." (See *Review of Selected 1972 California Legislation,* 4 Pacific L.J. 385, 386.) ■ As a general rule, all applicable laws in existence when a contract is made are presumed to be known to the parties and form a part of the contract as if they were expressly referred to and incorporated therein. (*Swenson* v. *File,* 3 Cal.3d 389, 392-393 [90 Cal.Rptr. 580, 475 P.2d 852]; *Alpha Beta Food Markets* v. *Retail Clerks,* 45 Cal.2d 764, 771 [291 P.2d 433]; *Wing* v. *Forest Lawn Cemetery Assn.,* 15 Cal.2d 472, 476 [101 P.2d 1099, 130 A.L.R. 120].) ■ The bond in question having

been posted in 1974, it was an implied term of the obligation undertaken by the surety that upon discharge of a forfeiture the court could reinstate bail and release defendant on the same bond. Thus, reinstatement of bail does not involve the creation of a new contract requiring the consent of the surety.

Wilshire, however, argues that section 1305 must be interpreted to require the consent of the surety before bail can be reinstated because the section provides for the appearance of "the defendant and his bail" when a forfeiture of bail is discharged and bail is reinstated. The surety contends that the reason the statute provides for the presence of both the defendant and the surety is to assure the surety an opportunity to oppose or withhold its consent to the reinstatement of bail. We are unpersuaded.

There is nothing in the history or language of the statute to indicate that the Legislature intended to require the surety's consent to reinstatement of bail where bail forfeiture has been discharged. The history of section 1305 shows that the statutory phrase "if . . . the defendant and his bail appear" refers to the discharge of a forfeiture. As originally enacted the section permitted discharge of forfeiture if "the defendant or his bail" appears and makes a satisfactory showing. The phrase in question was changed to "the defendant and his bail" in 1927, many years before the 1972 addition of the language authorizing a court to "order the bail reinstated and the defendant released again on the same bond." The purpose of the 1927 revision to "the defendant *and* his bail" was to insure the physical appearance of the defendant in court before the bail forfeiture is discharged. (*People* v. *United Bonding Co.,* 3 Cal.App.3d 868, 870-871 [84 Cal.Rptr. 66].)

■ Furthermore, the statutory language indicates that the Legislature intended to leave the matter of reinstatement of bail and release on the same bond to the sound discretion of the court. The section provides that upon a satisfactory showing that defendant's failure to appear was excusable, the court shall discharge the forfeiture "upon such terms as may be just, and may order the bail reinstated and the defendant released again on the same bond." The language imports conferrence of judicial discretion, not a discretion subject to the surety's veto. (See *People* v. *United Bonding Ins. Co.,* 240 Cal.App.2d 124, 125-126 [49 Cal.Rptr. 360].) Had the Legislature intended to require the consent of the surety, it easily could have said so.

The surety directs our attention to language in *People* v. *Wilshire Ins. Co.,* 46 Cal.App.3d 216, 221 [119 Cal.Rptr. 917], indicating that a court may not have authority to reinstate bail "upon its own motion" after a discharge of forfeiture because the rights of the surety may be adversely affected. In that case, the clerk of court had neglected to mail a notice of forfeiture to the surety. The reviewing court held that the failure to give the statutory notice compelled the conclusion that the surety was relieved of liability. The court's observation that "[a] cogent argument can be made" that the trial court "did not have the authority to reinstate the bail *upon its own motion* after discharge of the forfeiture" was purely gratuitous. (46 Cal.App.3d at p. 221; original italics.) The court itself cautioned that it did not purport to "finally rule" on the issue. Furthermore, the bail bond involved in that case, as well as the proceeding to discharge the forfeiture, antedated the 1972 amendment to section 1305 expressly empowering a court to reinstate bail and release the defendant on the same bond.

*People* v. *Wilshire Ins. Co., supra,* 46 Cal.App.3d 216, also noted that section 1305 as it read at the time there pertinent indicated that the only statutory procedure for discharge of forfeiture was on motion of the surety with notice to the district attorney, citing *People* v. *Hadley,* 257 Cal.App.2d Supp. 871 [64 Cal.Rptr. 777]. In *Hadley* a discharge of forfeiture conducted as an ex parte matter without notice to the People was invalidated on the ground that one who may be adversely affected by an order must be given notice. *Wilshire* suggests that the requirement of a noticed motion may be a due process as well as a statutory requirement.

The *Hadley* rule was incorporated in section 1305 by the 1969 amendment adding the paragraph pertaining to a notice of motion to discharge a forfeiture with notice to the district attorney. (See Witkin, Cal. Criminal Procedure (1975 Supp.) § 164A, pp. 144-145.) However, in 1972 the section was further amended by adding to the paragraph the following introductory clause: *"Unless waived by the district attorney or other prosecuting attorney . . ."* The amendment indicates that an order discharging forfeiture and reinstating bail may be made without notice and hearing whenever this procedure is waived by the representative of the People. The logical implication is that no such waiver need be obtained from the surety. This interpretation of the statute does not offend the surety's procedural due process rights. Discharge of forfeiture and concomitant reinstatement of bail does not adversely affect the surety's rights. On the contrary, the surety benefits from such action.

 Given the implied provision of the bond authorizing reinstatement of bail and release of the defendant on the same bond upon discharge of forfeiture, in the case at bench the order of the court below did not adversely affect the surety's rights. Although the record is silent, it must be presumed that on July 18 the court discharged the forfeiture because defendant voluntarily appeared and made a satisfactory showing that his failure to appear in court the day before was excusable. In such circumstances, the discharge of forfeiture, reinstatement of bail, and release of defendant on the same bond resulted in no additional risk to the surety. Nothing the court did added to the risk which the surety had already assumed when it initially undertook its bail obligations.

This was precisely the conclusion reached by the reviewing court in *People* v. *United Bonding Ins. Co., supra,* 274 Cal.App.2d 898, 904, under almost identical facts. There, upon defendant's failure to appear, the court forfeited bail and ordered issuance of a bench warrant but withheld its service on request of defendant's counsel. The following day defendant appeared with his counsel. The court inquired of counsel whether bail had been forfeited and upon counsel's response in the negative, the court ordered defendant released on the same bond. The surety was not present in court and had been given no notice that the forfeiture may be discharged, bail reinstated, and the defendant released on the same bond. The reviewing court (per Wright, J. now Wright, C. J.) held that this procedure did not constitute a substantial interference with the surety's rights and upheld the subsequent forfeiture of the bond upon the defendant's failure to appear for trial.

Finally, we observe that Wilshire seeks to have its cake and eat it too. It contends that a motion to set aside the forfeiture of July 17 was unnecessary because the court had validly done so on its own motion, yet at the same time it contends that reinstatement of bail and release of defendant on the same bond was invalid because it was done in the absence of surety. If reinstatement of the bond was invalid for the reasons suggested by the surety, it would necessarily follow that the discharge of forfeiture was also invalid for the same reason. Yet the surety wants to take advantage of the discharge of forfeiture and at the same time have its liability terminated. This it cannot do.

Order denying the surety's motion to discharge forfeiture of the bond is affirmed.

Gardner, P. J., and Morris, J., concurred.

A petition for a rehearing was denied August 31, 1976.