Filed 12/21/21

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078294 |
| Plaintiff and Respondent, | |
| v. | |
| FINANCIAL CASUALTY & SURETY, INC., | (Super. Ct. No. 37-2020-00027208-CU-EN-CTL) |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael T. Smyth, Judge. Affirmed.

Law Office of John Rorabaugh, John Mark Rorabaugh and Crystal L. Rorabaugh for Defendant and Appellant.

Office of County Counsel and Jennifer M. Stone for Plaintiff and Respondent.

Financial Casualty & Surety, Inc. (Surety) provided a $30,000 bail bond for a criminal defendant who failed to appear in court as required, triggering the court to declare a forfeiture of the bond. When Surety failed to vacate the forfeiture within the statutorily specified "appearance period," the court entered summary judgment against Surety in the amount of the bond. Surety argues on appeal that the trial court prematurely entered summary

judgment because an emergency rule adopted by the Judicial Council in response to the COVID 19 pandemic (Emergency rule 9), which tolled "the statutes of limitations and repose for civil causes of action," also tolled the appearance period for vacating forfeitures of bail bonds. We disagree and affirm the judgment.

### I. OVERVIEW OF BAIL BOND FORFEITURE PROCEDURE

"A bail bond ' "is a contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." ' " (*People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 42 (*Financial Casualty*).) If the defendant "fails without sufficient excuse to appear as required, the court must declare the bail forfeited." (*People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559, 563 (*North River–Watts*); see Pen. Code, § 1305, subd. (a);[1] *Financial Casualty*, at p. 42.) This "forfeiture . . . constitutes a 'breach of th[e] contract' between the surety and the government." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709 (*Safety National Casualty*).)

For forfeiture of a bond exceeding $400, the surety has a 185-day "appearance period in which to either produce the criminal defendant in court and have the forfeiture set aside, or demonstrate other circumstances requiring the court to vacate the forfeiture." (*People v. The North River Ins. Co.* (2020) 58 Cal.App.5th 300, 310 (*North River–Rivadeneyra*); see § 1305, subds. (b)(1), (c)(1); *Financial Casualty*, *supra*, 2 Cal.5th at p. 42.) "On the surety's motion and a showing of good cause, the court may extend the

---

[1] Further undesignated statutory references are to the Penal Code.

appearance period for up to an additional 180 days." (*North River–Rivadeneyra*, at p. 310; see § 1305.4; *Financial Casualty*, at pp. 43-44.)

If the surety fails to vacate the forfeiture by the end of the appearance period, the trial court must enter summary judgment against the surety in the amount of the bond, plus costs. (See § 1306, subd. (a); *North River–Watts, supra*, 53 Cal.App.5th at p. 567.) If the court prematurely enters summary judgment before the appearance period has expired, the judgment is voidable. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660-661 (*American Contractors*); *People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 1001.) If the court fails to enter summary judgment " 'within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated.' " (§ 1306, subd. (c); see *North River–Rivadeneyra, supra*, 58 Cal.App.5th at p. 311.)

"Summary judgment following a declaration of forfeiture is a consent judgment entered without a hearing pursuant to the terms of the bail bond." (*North River–Watts, supra*, 53 Cal.App.5th at p. 567; see *People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1047 [" 'summary judgment in a bail forfeiture is a consent judgment entered without a hearing and the proceedings are not adversarial' "].)

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2018, Surety posted a $30,000 bond on behalf of criminal defendant Shuxin Liu. The bond provides that in the event of a forfeiture, "judgment may be summarily made and entered forthwith against [Surety] for the amount of" the bond.

On March 11, 2019, Liu failed to appear in court as required, and the court declared the bond forfeited.

3

On March 19, 2019, the court notified Surety by mail of the forfeiture. Thus, the 185-day initial appearance period ran from March 19, 2019 to September 19, 2019. On Surety's motion, the trial court extended the appearance period to April 14, 2020.[2]

In the meantime, in response to the COVID-19 pandemic, the San Diego County Superior Court issued three orders deeming each court day from March 17, 2020 through May 22, 2020 a court holiday "for purposes of computing time for filing papers."[3] (Code Civ. Proc., §§ 12, 12a ["If the last day for the performance of any act provided or required by law to be

_____

[2] Although this extension is not reflected in the appellate record, the parties stipulate in their briefs that it occurred. We accept the stipulation. (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 274, fn. 2.) The April 14, 2020 extended deadline is consistent with the permissible procedure of Surety filing its extension motion toward the end of the initial appearance period (September 19, 2019), the court hearing the motion within 30 days of that date (October 19, 2019), and the court then extending the appearance period by 180 days (to April 16, 2020) from the date of its extension order. (See *Financial Casualty*, *supra*, 2 Cal.5th at p. 43.)

[3] Surety requests that we take judicial notice of the San Diego County Superior Court's Order Nos. 031820-34 (deeming March 17, 2020 through April 3, 2020 (a Friday) holidays), 040320-39 (deeming April 6, 2020 through April 30, 2020 holidays), and Order No. 043020-47 (deeming May 1, 2020 through May 22, 2020 (the Friday before the Monday Memorial Day holiday) holidays. The People also request that we take judicial notice of these orders, as well as the Judicial Council of California's Circulating Order Number CO-0-09 dated May 22, 2020 (Circulating Order), and the San Diego County Superior Court Appellate Division's decision in *People v. Philadelphia Reinsurance Corp.* (2021) 70 Cal.App.5th Supp. 10, which the California Supreme Court approved for publication. We grant each party's unopposed request. (Evid. Code, § 452, subd. (d) [judicial notice may be taken of "[r]ecords of . . . any court of this state"]; *id.* § 451, subd. (c) [judicial notice shall be taken of "rules of practice and procedure for the courts of this state adopted by the Judicial Council"].)

4

performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday."].)  This effectively extended Surety's appearance period to May 26, 2020 (because May 22 was a Friday, and Monday, May 25, was the Memorial Day holiday).

Surety did not move to vacate the forfeiture by May 26, 2020 (or ever).

On August 3, 2020 (within 90 days of the expiration of Surety's appearance period), the trial court entered summary judgment "adjudg[ing] that [the People] recover from [Surety] $30,000," plus costs and interest.  The court served notice of entry of judgment on Surety on August 6, 2020.

## III.  DISCUSSION

Surety contends the trial court prematurely entered summary judgment on August 3, 2020, because Emergency rule 9 tolled the appearance period until well beyond then.  We disagree that the appearance period is a statute of limitation or repose subject to this emergency rule.

### A.  Legal Principles

In response to the COVID-19 pandemic, the Judicial Council adopted a series of emergency rules effective April 6, 2020.  As initially adopted, Emergency rule 9 tolled "the statutes of limitation for civil causes of action . . . from April 6, 2020, until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted."[4]

In response to practitioner comments expressing concern about the impact of this open-ended extension on land-use cases that typically have short statutes of limitations, the Judicial Council amended Emergency rule 9

---

[4]  (<https://jcc.legistar.com/View.ashx?M=F&ID=8234474&GUID=79611543-6A40-465C-8B8B-D324F5CAE349> [as of Dec. 21, 2021], archived at <https://perma.cc/X5DW-GM5K>.)

to provide different tolling periods depending on the length of the underlying statute of limitations or repose. As amended, Emergency rule 9 reads:

"**(a) Tolling statutes of limitations over 180 days**

"Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.

"**(b) Tolling statutes of limitations of 180 days or less**

"Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020."[5]

In addition to revising the substance of Emergency rule 9, the amendment also added an Advisory Committee Comment explaining the intent of the rule. This comment explains that the rule "is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action," which "includes special proceedings." The comment clarifies that the "rule also applies to statutes of limitations . . . found in codes other than the Code of Civil Procedure, including . . . , for example, the Family Code and Probate Code."

The Judicial Council explained the background of Emergency rule 9, and the reasons for amending it, in a Circulating Order. (See fn. 3, *ante*.)

We independently review Judicial Council emergency rules. (*In re M.P.* (2020) 52 Cal.App.5th 1013, 1020.)

## B. Analysis

We will assume without deciding that a bail forfeiture proceeding is a civil cause of action or special proceeding within the meaning of Emergency rule 9. (See *American Contractors*, *supra*, 33 Cal.4th at p. 657 ["While bail

---

[5] The August 3, 2020 summary judgment would be premature under either of these tolling periods.

bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature."].) We nevertheless conclude that the appearance period during which a surety may seek relief from forfeiture is not a statute of limitations subject to tolling under the rule.

" '[A] statute of limitations normally sets the time within which proceedings must be *commenced* once a *cause of action* accrues.' " (*McCann v. Foster Wheeler LLC* (2010) 48 Cal.4th 68, 79, fn. 2, italics added.) "A cause of action is simply the obligation sought to be enforced against the defendant." (*Turner v. Milstein* (1951) 103 Cal.App.2d 651, 657; see *CDF Firefighters v. Maldonado* (2011) 200 Cal.App.4th 158, 165 [same]; *Hayes v. County of San Diego* (2013) 57 Cal.4th 622, 630 [" '[A] "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty.' "].)

Consistent with these general principles, the Judicial Council clearly and repeatedly expressed its intent that Emergency rule 9 applies only to *initial pleadings* that *commence* a civil cause of action or special proceeding. (See Advisory Committee Comment to Emergency rule 9 ["Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a *pleading* in court *asserting* a civil cause of action," italics added]; Circulating Order at p. 1 ["emergency rule 9 . . . tolled statutes of limitations on the *commencement* of civil causes of action," italics added]; *id.* at p. 5 [discussing "the time for filing certain *initial pleadings*," italics added]; *id.* at pp. 6, 9 [Emergency rule 9 "is intended to apply broadly to toll any statutory limitation on the filing in court of a *pleading commencing* a civil cause of

7

action," italics added]; *id*. at p. 6 [Emergency rule 9 is intended to relieve "difficulty timely filing *initial pleadings* in the trial court," italics added].)

A surety's motion to vacate a forfeiture is not an initial pleading that commences a civil cause of action or special proceeding subject to tolling under Emergency rule 9. To begin with, a *motion* is not a *pleading*. Rather, "a motion . . . is ancillary to an on-going action and ' " 'implies the pendency of a suit between the parties.' " ' " (*In re Cook* (2019) 7 Cal.5th 439, 451; see Code Civ. Proc., § 1004 ["*motions* must be made in the court in which the *action is pending*," italics added]; *id*. § 422.10 ["The pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints."].)

Even if a motion to vacate a forfeiture were a pleading, it does not *commence* a *cause of action*. The trial court—not the surety—commences the forfeiture proceeding by declaring a forfeiture of the bond. (*People v. Surety Insurance Co.* (1978) 82 Cal.App.3d 229, 236-237 ["the declaration of forfeiture . . . is not a forfeiture at all but merely the initial step (in the nature of an order to show cause) in proceedings to forfeit the bond and render judgment against the surety"].) Once commenced by the trial court, the proceeding will result in a monetary summary judgment against the surety unless the surety takes *defensive* action within the appearance period. (*People v. Wilshire Ins. Co.* (1975) 45 Cal.App.3d 814, 817 ["Since the judgment against the bail is one taken by consent, the obligation assumed is absolute but for the defenses set forth in section 1305, and these must be asserted within the limited period or the court loses jurisdiction."]; *People v. Ramirez* (1976) 64 Cal.App.3d 391, 401 [same]; see *People v. The North River Ins. Co.* (2011) 200 Cal.App.4th 712, 719 (*North River–Madriles*).)

Moreover, to the extent a forfeiture proceeding involves a cause of action, it is an action *against the surety* for the surety's breach of the bond.

8

(*American Contractors*, *supra*, 33 Cal.4th at pp. 657-658 ["when there is a breach of the" " 'contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court,' " "the bond should be enforced" against the surety]; *Safety National Casualty*, *supra*, 62 Cal.4th at p. 709 ["if the defendant's nonappearance is without sufficient excuse, it is the surety who 'must suffer the consequences.' "].)

Surety maintains the court's declaration of a forfeiture cannot be deemed the commencement of the forfeiture proceeding because "[t]he court is not a party to the action and the declaration of forfeiture is not seeking a judicial remedy." This ignores the fact that Surety consented in the bond to a money judgment—"a judicial remedy"—against Surety and in favor of the People—"a party to the action"—if Surety forfeits on the bond. (See *North River–Watts*, *supra*, 53 Cal.App.5th at p. 567 ["Summary judgment following a declaration of forfeiture is a consent judgment entered without a hearing pursuant to the terms of the bail bond."].)

Viewed in proper context, it is thus apparent that the appearance period during which a surety may assert defenses in an existing forfeiture proceeding is not a pleading that commences a cause of action or special proceeding. Thus, the appearance period is not a statute of limitations subject to tolling under Emergency rule 9.

Surety cites *People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, which colloquially referred to the appearance period as a "statute of limitations." (*Id.* at p. 381.) However, the nature of an appearance period was not at issue in *Stuyvesant*, and the court was merely making an analogy. (*North River–Madriles*, *supra*, 200 Cal.App.4th at p. 720 [finding the *Stuyvesant* court's "statute of limitations analogy . . . not helpful"].) " 'It is

9

axiomatic that cases are not authority for propositions not considered.' " (*Aixtron, Inc. v. Veeco Instruments Inc*. (2020) 52 Cal.App.5th 360, 386-387.)

In arguing that Emergency rule 9 applies to the appearance period, Surety invokes the general proposition that "issues dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of forfeiture." But the Supreme Court has found this "oft-repeated rule" inapplicable when construing a general rule of procedure (like Emergency rule 9) rather than "a bail forfeiture law." (*People v. Seneca Ins. Co.* (2003) 29 Cal.4th 954, 962.) Additionally, the preference for avoiding forfeitures "does not exist in a vacuum, and is to be balanced against the counterpresumption that 'when there is a breach of . . . contract, the bond should be enforced.' " (*People v. The North River Ins. Co.* (2017) 18 Cal.App.5th 863, 879-880.) Finally, "[t]he policy disfavoring forfeiture cannot overcome the plainly intended meaning of [a] statute." (*People v. Indiana Lumbermens Mutual Ins. Co.* (2010) 49 Cal.4th 301, 308.) The plainly intended meaning of Emergency rule 9 is that statutes of limitation and repose for pleadings commencing civil causes of action—not deadlines for filing motions asserting defenses—are temporarily tolled.

In its appellate reply brief, Surety argues for the first time that delays caused by the COVID-19 pandemic are tantamount to force majeure or a state actor preventing a surety from performing on a bond, such that it would be inequitable to enter judgment against the surety. For " '[o]bvious reasons of fairness,' " issues " 'raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument.' " (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764.) We decline to address Surety's belatedly asserted argument.

In sum, we conclude Emergency rule 9 did not toll the appearance period.  Accordingly, the trial court did not prematurely enter summary judgment on the bond, and the judgment is not voidable on that basis.

## IV.  DISPOSITION

The judgment is affirmed.


HALLER, Acting P. J.

WE CONCUR:


O'ROURKE, J.


GUERRERO, J.

11