[Civ. No. 18166. Fourth Dist., Div. One. May 10, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
NATIONAL AUTOMOBILE AND CASUALTY INSURANCE
COMPANY, Defendant and Respondent.

**COUNSEL**

Donald L. Clark, County Counsel, Lloyd M. Harmon, Chief Deputy County Counsel, and Phillip L. Kossy, Deputy County Counsel, for Plaintiff and Appellant.

Matthew Nelson Lees for Defendant and Respondent.

**OPINION**

**COLOGNE, J.**—The People appeal after the trial court granted the Penal Code section 1305 motion of defendant National Automobile and Casualty Insurance Company (National) to vacate an order forfeiting a bond issued in a criminal case and to exonerate the bond. The motion to vacate and exonerate was made on the 181st day after the court ordered the bond forfeited.

On June 15, 1977, Gladys Irene Bishop failed to appear for the readiness conference in her criminal case and the superior court ordered her bond forfeited. A notice of forfeiture letter together with a proof of its service by mail, both dated June 15, were prepared under the name of Mary Jo Thompson, deputy county clerk. The parties stipulated Mary Jo Thompson did not stamp or prepare the notice letter for mailing nor did she take to or deposit in the United States mail the notice letter of

forfeiture on June 15, 1977, and, if she were called, would state she could not say she personally knows of her own knowledge that the letter was or was not deposited in the United States mails on June 15, 1977.

On June 23, defendant Bishop was returned to court. She entered a guilty plea July 26 and was sentenced August 23.

The bondsman's moving papers for the motion here under consideration were filed December 13. While admitting the 180-day period for filing the motion is jurisdictional, National argued in light of the deputy clerk's stipulated testimony there was no mailing on June 15 and in light of the provisions of Code of Civil Procedure section 1013, giving 5 extra days, the motion was nevertheless timely. The county counsel acknowledged Code of Civil Procedure section 1013a applied with reference to the formalities of a clerk's proof of service of the notice required by Penal Code section 1305, but claimed the five-day extension of Code of Civil Procedure section 1013 did not apply. This, essentially, remains the People's contention on appeal.

In ruling on the motion, the trial court concluded both sections 1013 and 1013a, subdivision (3) of the Code of Civil Procedure applied to the case, and the motion was timely made under the applicable law.

█ The People contend the superior court was without jurisdiction to grant the motion vacating the forfeiture and exonerating the bond because the 180-day period set forth in Penal Code section 1305 is a limit on the jurisdiction of the courts, the 5-day extension provided for in Code of Civil Procedure section 1013 is inapplicable, and the motion here was filed on the 181st day.

Pertinent portions of Penal Code section 1305, subdivision (a), read as follows:

"(a) *If, without sufficient excuse, the defendant neglects to appear* . . . upon any other occasion when his presence in court is lawfully required, . . . *the court must direct the fact to be entered upon its minutes and the undertaking of bail,* . . . *must thereupon be declared forfeited,* and, if the amount of the forfeiture exceeds fifty dollars ($50), *the clerk of the court shall, promptly upon entering the fact of such failure to appear in the minutes, mail notice of the forfeiture to the surety on the bond* . . ., *and shall execute an affidavit of such mailing and place it in the court's file in the case.* If the surety is an authorized corporate surety insurer, and *if the bond has plainly printed or stamped thereon the address of its principal*

*office in California, such notice shall be mailed to such surety at such address,* and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; *the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond.* If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond." (Par. 1; italics added.)

" . . . if at any time . . . *within 180 days after mailing such notice of forfeiture,* the defendant and his bail appear, and . . . show to the satisfaction of the court that the absence of the defendant was not within the connivance of the bail, *the court shall direct the forfeiture* of the undertaking . . . *to be discharged* upon such terms as may be just. . . . If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking . . . to be discharged upon such terms as may be just." (Par. 2; italics added.)

"Unless waived by the district attorney or other prosecuting attorney, *no order discharging the forfeiture* of the undertaking . . . *shall be made without opportunity for hearing and the filing of a notice of motion* for such order setting forth the basis for relief, *with proof of service upon the district attorney or other prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure.* Such notice may be given by the surety insurer, its bail agent, the surety, or depositor of money, any of whom may give such notice and appear either in person or by attorney. *Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination."* (Par. 4; italics added.)

Code of Civil Procedure section 1010, compliance with which is required by paragraph 4 of Penal Code section 1305, provides in part: ". . . Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code . . ."

Both sections 1013 and 1013a of the Code of Civil Procedure are contained in the same chapter as Code of Civil Procedure section 1010. Sections 1013 and 1013a provide, in part:

"1013.    (a) In case of service by mail, the notice or other paper must be deposited in a post office, mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, *addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed in the cause and served on the party making service by mail*; otherwise at his place of residence. The service is complete at the time of the deposit, but *if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days* if the place of address is within the State of California, . . ." (Italics added.)

"1013a. Proof of service by mail may be made by one of the following methods:

"    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(3) In case of service by the clerk of a court of record, a certificate by said clerk affixed to the original, or to a true copy of the document served and filed in the cause, showing the name of the clerk and the name of the court of which he is the clerk, and that he is not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid."

From this scheme of law it becomes apparent the question is not whether the time limits for setting aside a bail forfeiture are jurisdictional, they are (*People* v. *Black,* 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *People* v. *Wilshire Ins. Co.,* 45 Cal.App.3d 814, 817 [119 Cal.Rptr. 702]). Rather the question is what jurisdictional time limit applies to this case.

By virtue of the five-day extension provision of Code of Civil Procedure section 1013, the time here was 185 days. Through the reference to Code of Civil Procedure section 1010 in Penal Code section 1305, the five-day extension is applicable to these proceedings.

There is no substance to the People's argument Code of Civil Procedure section 1013 does not apply because of its use of the term "party" in the phrases "at his office address as last given by him on any document which he has filed in the cause and served on the *party* making

service by mail . . . " and " . . . if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse *party* . . . " (italics added). The meaning of "party" in these phrases is to be determined with reference to the whole section, which, as shown by its initial sentence, is primarily concerned with service of a notice or paper by means of mail on "the *person* on whom it is to be served" (italics added). While the court clerk technically is not a party to the lawsuit, the clerk certainly is the party with whom the document, here the bail bond, was filed or on whom it was served within the meaning of Code of Civil Procedure section 1013. In any event, this portion of the section dealing only with where to address the mail is not pertinent to the case at bar since the more specific provisions of Penal Code section 1305, subdivision (a), paragraph 1, cover that subject. More certainly, however, National is the "adverse party" in a formal, legal sense, because it is the one named to lose the bond money if the forfeiture order is not set aside in the proceedings. National is the "person on whom" the notice of forfeiture is to be served within the meaning of Code of Civil Procedure section 1013, and it has only a "given number of days" under Penal Code section 1305, i.e., 180 days after the service of the notice by mail, within which its "right" to move to set aside the bail forfeiture "may be exercised" (Code Civ. Proc., § 1013). Accordingly, the 5-day extension of Code of Civil Procedure section 1013 is to be added to the 180-day period set forth in Penal Code section 1305 for moving the court to set aside the forfeiture and exonerate bail. The jurisdictional time limit in this case was 185 days.

This construction, we observe, comports with the general principle of strict construction applicable to Penal Code section 1305's forfeiture provisions (see *People* v. *United Bonding Ins. Co.,* 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385]).

Judgment affirmed.

Brown (Gerald), P. J., and Wiener, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 5, 1979.