[No. F002854. Fifth Dist. May 31, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN SOUZA et al., Defendants and Appellants.

836

COUNSEL

Haden, Dawson & Haden, Betty L. Dawson and Robert H. Haden for Defendants and Appellants.

William E. Gnass, County Counsel, and Gerald W. Goodsell, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

HANSON (P. D.), J.—In this appeal, the surety seeks relief from an order denying a motion to vacate bail forfeiture. The issue is whether the jurisdictional limit of 180 days (Pen. Code, § 1305, subd. (a)) for effecting surrender of an absconding defendant is extended an additional five days pursuant to Code of Civil Procedure section 1013, subdivision (a), relating to notice by mail; we hold that it is not.

STATEMENT OF FACTS

In June and again in October of 1982, John Souza (Souza), bail agent of Allied Fidelity Insurance Company (Allied), posted bonds on criminal de-

fendant Vargas in the amounts of $1,000 and $3,000. When, on November 23, Vargas failed to appear for trial, the Merced County Superior Court ordered the bonds forfeited and the court clerk mailed notice of forfeiture to both appellants.

On May 23, 1983, 181 days after mailing of the notice of forfeiture, appellants moved to vacate forfeiture and requested additional time to surrender the defendant. The declaration in support of the motion for continuance of the bond asked for 90 days additional time to accomplish the surrender. The defendant later was picked up by warrant in Stanislaus County on May 24 or 25, 1982.[1] On June 1, appellants moved to vacate the bail forfeiture and exonerate the bond based on apprehension of the defendant. The motion was heard and denied by the court.

An order denying motion to vacate bail forfeiture was dated July 7, 1983. ██ Summary judgment was entered (Pen. Code, § 1306) July 13, 1983, against appellants Souza and Allied, who filed a notice of appeal from "the Summary Judgment and the whole of that Judgment" on July 25, 1983.[2]

## DISCUSSION

*Whether a combined reading of Penal Code section 1305, subdivision (a), and Code of Civil Procedure section 1013, subdivision (a), allows a five-day extension of time beyond the 180-day jurisdictional time limit to effect surrender of an absconding defendant.*

██ Penal Code section 1305 provides the trial court must declare bail forfeited upon the failure of the defendant to appear for trial. When the amount of the bond forfeited is in excess of $100, the clerk of the court must mail notice of the forfeiture to both the surety and the bail agent posting the bond within 30 days after the order declaring forfeiture of the bond.

---

[1]May 24 was mentioned as the date of surrender by the district attorney during the hearing on the motion to vacate forfeiture, yet appellants' points and authorities in support of the motion in the clerk's transcript indicate the date is May 25.

[2]Appellants in their opening brief characterize the appeal as one taken from the order denying the motion to vacate forfeiture rather than from the summary judgment. Ordinarily, a summary judgment against a surety is a consent judgment which is not appealable. (*People v. Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 [119 Cal.Rptr. 917].) However, an order denying a motion to vacate a forfeiture is an appealable judgment, and for purposes of this appeal, we consider the appeal to be from that order. (*People v. National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150, 152 [51 Cal.Rptr. 12]; *People v. Allied Fidelity Ins. Co.* (1982) 138 Cal.App.3d 724, 726, fn. 1 [188 Cal.Rptr. 265]; *People v. Oppenheimer* (1956) 147 Cal.App.2d Supp. 827, 830 [305 P.2d 306].)

However, if within 180 days after the date of mailing the notice of forfeiture, the defendant is surrendered to the court or otherwise taken into custody, the court must discharge the order of forfeiture. The statute specifically provides: "If at any time within 180 days after such entry in the minutes or mailing as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just.

" . . . . . . . . . . . . . . . . . . . . . . . .

"[N]o order discharging the forfeiture of the undertaking . . . shall be made without opportunity for hearing and the filing of a notice of motion . . . with proof of service upon the . . . prosecuting attorney . . . . Such notice of motion *must be filed within 180 days* after such entry in the minutes or mailing as the case may be, . . . ." (Italics added.)

■ The appellants' notice of motion to vacate forfeiture of the bond was filed on the 181st day following mailing of the notice of forfeiture and the defendant was not surrendered until May 24, or the 182nd day following the mailing. Although the statute states the *"notice of motion must be filed within 180 days"* after mailing, it implicitly provides for a five-day extension of time to execute the notice of motion pursuant to the relevant mailing provisions of the Code of Civil Procedure which are incorporated by reference into the statute. However, there is no comparable statutory extension of time beyond the 180-day statutory time limit to present to the court the underlying grounds for setting aside a bond forfeiture.

In *People* v. *National Auto. & Cas. Ins. Co.* (1979) 92 Cal.App.3d 907 [155 Cal.Rptr. 602], the court held that the provisions of Code of Civil Procedure section 1013, subdivision (a), giving an extension of time to respond to documents received by mail, were applicable to proceedings involving bail forfeitures including that portion of the statute requiring a clerk's notice of forfeiture to be mailed to the surety. The bail agent, surety or other interested party is allowed a five-day extension beyond the 180-day time period specified in the statute to *move the court* to set aside the forfeiture and exonerate bail. (*Id.*, at p. 912.)

In *National Auto.*, the surrender of the absconding defendant occurred only eight days after the order of forfeiture was entered by the trial court, yet the motion to set aside the forfeiture was not filed until the 181st day after the original order. The court looked to the pertinent language of Penal Code section 1305 and found *statutory* authorization for permitting appellant a five-day extension to file its motion in the fourth paragraph of the lengthy section.

The pertinent paragraph of Penal Code section 1305, subdivision (a), provides: ". . . no order discharging the forfeiture of the undertaking . . . shall be made without opportunity for hearing and the filing of a notice of motion . . . with proof of service upon the . . . prosecuting attorney at least 10 days prior to the time set for hearing of the motion and otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure. . . . Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination."

Code of Civil Procedure section 1010, referred to in the above paragraph, specifies that "[n]otices and other papers may be served" upon the party in the manner prescribed in chapter 5 of the code, which chapter includes section 1013, subdivision (a). This section provides that when notices or other documents are sent by mail, "any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of [the] document served by mail shall be extended five days if the place of address is within the State of California."[3]

The court in *National Auto.* concluded that the five-day extension provision of Code of Civil Procedure section 1013 extended the time five days for "*moving the court to set aside the forfeiture and exonerate bail,*" giving the surety 185 days. (*People* v. *National Auto. & Cas. Ins. Co., supra,* 92 Cal.App.3d at p. 912, italics added.)

However, appellants now argue the five-day extension provided by Code of Civil Procedure section 1013 and applied to bail proceedings by the court in *National Auto.,* allows appellants an extension of five days in which to effect *surrender* of the defendant. We reject this contention.

The five-day extension provided by Code of Civil Procedure section 1013, subdivision (a), has no application to the jurisdictional time limits affecting the underlying grounds for exonerating bail. (See *People* v. *Amwest Surety Insurance Co.* (1980) 105 Cal.App.3d 51, 57 [164 Cal.Rptr. 159]; *People* v. *National Auto. & Cas. Ins. Co., supra,* 92 Cal.App.3d 907, 911; *People* v. *Ramirez* (1976) 64 Cal.App.3d 391, 402 [134 Cal.Rptr.

---

[3]The statute prior to a 1980 amendment (Stats. 1980, ch. 196, § 2, p. 419) stated in pertinent part: "The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California, . . ." (Compare Stats. 1980, ch. 196, § 2, at p. 419, with Stats. 1974, ch. 282, § 2, at p. 544.)

511]; Witkin, Cal. Criminal Procedure (1983 Supp., pt. 1) Proceedings Before Trial, § 164, p. 201.)

In *People* v. *Ramirez, supra,* the bonding company's notice of motion to vacate a bail forfeiture was filed within the 180-day time limit but the defendant was not actually surrendered or captured within the 180-day period. The court concluded the 180-day time limit for effecting *surrender* of the defendant was jurisdictional, thereby depriving the superior court of its power to hear the motion. "[T]he obligation assumed by [appellant] is absolute but for the defenses set forth in section 1305, subdivision (a), and these *must not only be actually asserted but also in existence* within the 180-day period or the court loses jurisdiction. Section 1305, subdivision (a) clearly speaks in terms of '*surrender* [of] the defendant' (italics added) within 180 days." (*People* v. *Ramirez, supra,* 64 Cal.App.3d 391, 401.) Obviously, the terms of the statute itself limit the time within which to effect surrender to 180 days after mailing the notice of forfeiture by the court clerk.

Appellants attempt to distinguish the *Ramirez* case on the ground that the court was not directly faced with the issue of the application of Code of Civil Procedure section 1013, subdivision (a), to Penal Code section 1305. In *Ramirez,* the motion to vacate was filed prior to the expiration of the 180-day period, while the defendant was not surrendered until the 193rd day after mailing of the notice of forfeiture, exceeding the permissible period for surrender even if the court recognized a five-day extension under Code of Civil Procedure section 1013, subdivision (a).

While the *Ramirez* opinion does not expressly address the issue whether Penal Code section 1305 and Code of Civil Procedure section 1013, construed together, allow a five-day extension of time to surrender an absconding defendant, the decision impliedly rejects *any attempt* to establish additional grounds permitting relief from bail forfeiture beyond those expressly enumerated in the statute. (*People* v. *Ramirez, supra,* 64 Cal.App.3d at p. 401.) In its motion to vacate forfeiture, timely filed on the 180th day, the surety, Argonaut Insurance Company, declared it was " '*in the process of picking up this defendant today*' " and would, after surrender, ask for exoneration of bail pursuant to Penal Code section 1305. Argonaut did not offer in support of its motion either of the two defenses properly supporting relief which must be in existence and actually asserted by the surety: surrender of the defendant within the 180-day period, or evidence that the defendant's appearance was prevented by some "disability." The court explained that these conditions are the only grounds for relief from bail forfeiture provided by statute. (*Id.,* at pp. 398-399.)

The court concluded that the legislative intent and purpose of the extension (Pen. Code, § 1305) of the hearing beyond the 180 days to include a 30-day period for hearing the motion to vacate was not to extend the actual existence of the grounds beyond the 180-day period, but to allow for proper notice and calendaring of the motion.[4] (*People* v. *Ramirez, supra,* 64 Cal.App.3d at p. 401; Witkin, Cal. Criminal Procedure, *supra,* Proceedings Before Trial, § 164, p. 201.)

Appellants' attempt to distinguish *Ramirez* on its facts fails. The underlying nature of the two cases is the same; in both, the surety attempted to suspend the 180-day period within which *surrender* of an absconding defendant must be accomplished by filing a motion to vacate forfeiture within the time such a motion may be filed. The statutory period limitation in Penal Code section 1305 for effecting surrender is jurisdictional: "Since the judgment against the bail is one taken by consent, the obligation assumed is absolute but for the defenses set forth in section 1305, and these *must be asserted* within the [180-day] period or the court loses jurisdiction [citations]." (*People* v. *National Auto. & Cas. Co., supra,* 242 Cal.App.2d 150, 153.)

■ We recognize forfeitures are traditionally disfavored and that Penal Code section 1305 must be strictly construed in favor of the surety to preserve the surety's incentive to apprehend an absconding defendant. (*People* v. *Surety Insurance Co.* (1982) 136 Cal.App.3d 556, 561 [186 Cal.Rptr. 385].) We also are aware of the 1963 amendments to section 1305, which make relief from default mandatory on a *showing of the required conditions* and which signify the " '. . . continuing legislative trend toward broader relief from forfeiture of bail.' " (*People* v. *United Bonding Co.* (1970) 3 Cal.App.3d 868, 870 [84 Cal.Rptr. 66]; *People* v. *Rolley* (1963) 223 Cal.App.2d 639, 642 [35 Cal.Rptr. 803].) Nevertheless, the creation of *new* grounds for relief from forfeiture is in the exclusive purview of the Legislature. ■ For the trial court to accept any bases for relief from a forfeiture other than those specified in the statute is in excess of the court's jurisdiction. (*People* v. *Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 382 [31 Cal.Rptr. 208].)

---

[4]Although *Ramirez* was decided prior to *People* v. *National Auto. & Cas. Ins. Co., supra,* 92 Cal.App.3d 907, the Second District Court of Appeal which decided *Ramirez* has since the *National Auto.* decision reiterated its position that surrender of an absconding defendant must occur within the statutory period: "[T]his court carefully struck a balance, between reality and statutory language in *People* v. *Ramirez* . . ., wherein we held that, although a surety was entitled to the full statutory period to apprehend and surrender an absconding defendant, it could not extend that period by filing a motion in the hope or expectation of apprehending that defendant after the statutory period had passed." (*People* v. *Amwest Surety Insurance Co., supra,* 105 Cal.App.3d 51, 57.)

Finally, ordinary rules of statutory interpretation preclude our accepting appellants' argument. Code of Civil Procedure section 1010 is referred to only in that portion of Penal Code section 1305 which relates to sending *notice by mail* to the prosecuting attorney of an intention to move to vacate a bail forfeiture and exonerate the bond. The Legislature is presumed to know of existing laws and decisions, and has not expanded the *basis* for vacating bail forfeitures beyond that enumerated in the statute. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977-978, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394].) There is no indication from the statutory language, including the 1980 amendment following the *National Auto.* decision, that the Legislature intended to alter or expand the jurisdictional *bases* upon which the trial court is authorized to entertain motions to vacate forfeiture of bail.[5]

The purported appeal from the nonappealable summary judgment is considered to be an appeal from the earlier appealable order denying motion to vacate forfeiture of bail. The order denying motion to vacate forfeiture of bail is affirmed.

Zenovich, Acting P. J., and Andreen, J., concurred.

---

[5]The Legislature amended Penal Code section 1305 in 1965 to extend the period in which the surety could surrender an absconding defendant from 90 to 180 days. (Compare Stats. 1965, ch. 206, § 1, pp. 1171-1172 with Stats. 1965, ch. 1926, § 1, pp. 4448-4449.) If the Legislature wishes to extend this period further, it may do so.