Opinion
THE COURT.*
Appellant appeals from the order of the municipal court dismissing her unlawful detainer action on the ground that it was prematurely brought.
*Supp. 17 Respondents were tenants in an apartment owned by appellant. They failed to pay their rent for November 1989, and on November 13, 1989, appellant posted on the apartment and mailed to respondents a three-day notice to pay rent or quit. On November 16, 1989, respondents mailed to appellant a check for the full amount of the outstanding rent, which check was received by appellant on November 17, 1989. This action was filed on November 17, 1989.
The issues raised by this appeal are (1) whether Code of Civil Procedure section 1013, subdivision (a), extends the time for tenants to comply with the demands of a three-day notice by five days when it is served by mailing or posting, or (2) whether service of the three-day notice becomes effective on the date it is received by the tenants as opposed to the date it is mailed.[1]
1. Code of Civil Procedure Section 1013, Subdivision (a), Does Not Extend the Three-day-notice Period When the Notice Is Served by Posting and Mailing.
Prior to filing an unlawful detainer action for failing to pay rent, a landlord must serve the tenant with a three-day notice in writing, requiring payment or possession of the property. (Code Civ. Proc., § 1161, subd. 2.)[2] The notice must be served by one of the following methods: (1) “By delivering a copy to the tenant personally” (§ 1162, subd. 1); or (2) if the tenant is absent from his or her residence and place of business, “by leaving a copy with some person of suitable age and discretion at either place, and sending a copy through the mail addressed to the tenant at his place of residence” (§ 1162, subd. 2); or (3) if a place of residence and business cannot be ascertained, or a person of suitable age or discretion cannot be located, then by posting a copy in a conspicuous place on the property, delivering a copy to a person residing there, if one can be found, and mailing a copy addressed to the tenant at the property (§ 1162, subd. 3). In this case, appellant employed the latter method by posting the notice on the property and mailing a copy to the tenants.
Under section 1013, subdivision (a), the time to respond to a notice or other paper served by mail is “extended five days if the place of address is *Supp. 18 within the State of California.” There are no cases addressing whether section 1013, subdivision (a), extends the three-day-notice period when the notice is served by “post and mail” under section 1162, subdivision 3. However, in Highland Plastics, Inc. v. Enders (1980) 109 Cal.App.3d Supp. 1 [167 Cal.Rptr. 353], the court held that section 1013, subdivision (a), did not apply to extend the 30-day-notice period for a notice to terminate a tenancy when the notice was served by “post and mail.” Service of the 30-day notice to terminate a tenancy, like the 3-day notice, is governed by the methods of service set forth in section 1162. (Civ. Code, § 1946.) The reasoning of Highland Plastics is persuasive and applies with equal force to this case.
Traditionally, section 1013, subdivision (a), has been applied to extend the time for responding to notices or other papers served by mail in pending civil actions. (Highland Plastics, Inc. v. Enders, supra, 109 Cal.App.3d Supp. 1, 8, and cases cited therein.) In other situations, section 1013, subdivision (a), has been found to apply only if the language of the statute requiring the notice so provides. (Compare People v. National Auto. & Cas. Ins. Co. (1979) 92 Cal.App.3d 907 [155 Cal.Rptr. 602], with People v. Souza (1984) 156 Cal.App.3d 834 [203 Cal.Rptr. 80] [§ 1013 applies to 180-day limit to file motion to set aside order forfeiting bail where language of statute incorporates § 1013, but not to 180-day limit to surrender defendant where no comparable'statutory authority]; compare Pesce v. Dept. of Alcoholic Bev. Control (1958) 51 Cal.2d 310, 312 [333 P.2d 15], with Tielsch v. City of Anaheim (1984) 160 Cal.App.3d 576 [206 Cal.Rptr. 740] [§ 1013 applies to time limit for review of agency’s decision where regulations incorporate it, but not where there is no such incorporation].) Section 1013, subdivision (a), has never been held to apply to a notice, like a three-day notice, which, although a prerequisite to a civil proceeding, is independent of any judicial or administrative action. (See, e.g., Colyear v. Tobriner (1936) 7 Cal.2d 735, 743 [62 P.2d 741] [predecessor of § 1013 does not extend the time for responding to a 30-day notice of termination under Civ. Code, § 1946, as it is inapplicable to notices required by the Civil Code which are independent of pending actions]; see also Alphonzo E. Bell Corp. v. Listle (1942) 55 Cal.App.2d 300, 306 [130 P.2d 251].)
Under the above principles, section 1013, subdivision (a), does not extend the time to respond to a three-day notice made pursuant to sections 1161 and 1162. Such notices are not part of a pending civil proceeding. Moreover, there is no language in sections 1161, 1162, or the statutory scheme of which they are a part, extending the three-day notice period.
This conclusion is consistent with the purposes underlying the unlawful detainer law. The unlawful detainer provisions set forth a summary *Supp. 19 procedure to allow landlords to remove hold-over or defaulting tenants from possession in an expedited manner. (Childs v. Eltinge (1973) 29 Cal.App.3d 843, 853 [105 Cal.Rptr. 864].) It would be wholly inconsistent with the summary nature of unlawful detainer actions to extend the time period for responding to a three-day notice absent a clear expression from the Legislature.
Accordingly, we decide that the time to respond to the three-day notice to pay rent or quit is not extended by section 1013, subdivision (a).
2. Service of the Three-day Notice Is Effective From the Date the Notice Is Mailed, Not From the Date the Tenants Are Actually Served
In Davidson v. Quinn (1982) 138 Cal.App.3d Supp. 9 [188 Cal.Rptr. 421], the court held that the three-day notice served by posting and mailing is not effective until it is actually served upon the tenant, which presumably means when it is received by the tenant. The court reasoned as follows: (1) the express intent of sections 1161 and 1162 is to give the tenants three days to respond to the notice; (2) posting alone does not satisfy due process under Greene v. Lindsey (1982) 456 U.S. 444 [72 L.Ed.2d 249, 102 S.Ct. 1874]; and (3) mailing the notice could not provide the three days’ notice required section 1161 until it is actually received. (Davidson v. Quinn, supra, at pp. Supp. 13-14.) This reasoning is unpersuasive.
Under section 1161, subdivision 2, a tenant is “guilty” of unlawful detainer after a three days’ written notice is served upon him or her. It is silent as to when the notice is effective. Section 1162, subdivisions 2 and 3, set forth various permissible methods of substituted service of the notice. If section 1161, subdivision 2, were interpreted to mean that the three days did not begin to run until the tenants were actually served with the notice, all of these methods would be rendered meaningless. An interpretation of a statute that renders related provisions nugatory must be avoided. (Lugren v. Deukmejian (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 894].) And since mailing and posting is to be employed only when the tenants and all other persons are absent from their residence or place of business, it would not make sense that actual receipt by the tenants is required for posting and mailing to be effective. The Legislature did not intend such an illogical result.
The holding in Greene v. Lindsey, supra, 456 U.S. 444, does not require a different conclusion. In Greene, the court considered whether a Kentucky statute, that authorized service of process in unlawful detainer actions by posting the summons on the door of the residence, violated the due process clause. The court held that posting alone did not impart adequate notice to *Supp. 20 satisfy due process requirements, but that posting together with mailing would be more likely to pass constitutional muster. (Id. at pp. 453-456 [72 L.Ed.2d at pp. 257-259].) Greene does not expressly or impliedly hold that service by posting and mailing is effective only on actual receipt by the tenants. It holds only that posting with mailing is a more reliable method of service than posting alone. This is, of course, the precise method of service authorized by section 1162, subdivision 3, and employed in this case.
We, therefore, hold that service of the three-day notice by posting and mailing is effective on the date the notice is posted and mailed.
The order of dismissal of the municipal court is reversed, and the matter is remanded for further proceedings.

 Before Lewis, P. J., Robie, J., and Ridgeway, J.

 Respondents also contend that, even if service of the notice were effective on mailing, they timely paid the rent by placing a check in the mail within three days after the notice was mailed. Whether mailing a check constitutes payment depends on the agreement between the parties. (Mendiondo v. Greitman (1949) 93 Cal.App.2d 765, 767 [209 P.2d 817]; see also American Ind. Sales Corp. v. Airscope, Inc. (1955) 44 Cal.2d 393 [282 P.2d 504].) Since this issue was not raised below and involves a factual question, it cannot be considered on appeal. (Ernst v. Searle (1933) 218 Cal. 233, 240-241 [22 P.2d 715]; In re Marriage of Karlin (1972) 24 Cal.App.3d 25, 33 [101 Cal.Rptr. 240].)

 All statutory references hereafter will be to the Code of Civil Procedure, unless otherwise indicated.