[No. B126008. Second Dist., Div. Four. Jan. 19, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

814

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, Louis V. Aguilar, Assistant County Counsel, and Robert E. Ragland, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

DAU, J.*—Defendant and appellant Ranger Insurance Company (hereinafter Ranger) appeals from a summary judgment on bail bond forfeiture entered in favor of plaintiff and respondent County of Los Angeles (hereinafter County). Ranger contends the statutory period during which the trial court could enter summary judgment had expired, and the court acted in excess of its jurisdiction.

The Penal Code requires a court to declare the undertaking of bail forfeited if a defendant fails to appear (§ 1305, subd. (a)).[1] If the undertaking is over a specified amount, the clerk must mail notice of the forfeiture to the surety (§ 1305, subd. (b)). Within 180 days of the declaration of forfeiture or the mailing of notice, if notice is required, a surety may move to vacate the forfeiture (§ 1305, subd. (c)(4)). If notice of forfeiture is required to be mailed, the 180-day period is extended five days (§ 1305, subd. (b)). If the period of time specified elapses without the forfeiture having been set aside, the court has 90 days after the date when summary judgment could first be entered within which to enter that judgment against the bond agent; otherwise, the right to do so expires and the bail is exonerated. (§ 1306.)

The issue in this case is whether the provision which extends for five days the 180-day period (§ 1305, subd. (b)) has the effect of also extending the period (provided by § 1306) within which the court may enter summary judgment. We conclude that it does and affirm the judgment.

## I. BACKGROUND

On April 4, 1997, a $40,000 bail bond on behalf of Ranger was posted to guarantee the appearance of defendant James M. Ashe in the criminal action entitled *People v. Ashe* (Super. Ct. L.A. County, 1997, No. YA032368). During trial on August 14, 1997, Ashe failed to appear and the court declared the bond forfeited and ordered a bench warrant to be issued for Ashe's arrest. The clerk mailed notice of this forfeiture to Ranger the same

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]All further statutory references are to the Penal Code unless otherwise indicated.

day.[2] Summary judgment in favor of the county was entered on the forfeiture on May 14, 1998, which was the 273d day after the mailing of the notice.[3] Ranger moved to vacate forfeiture and exonerate the bond on June 19, 1998. The trial court denied the motion on August 19, 1998, and this timely appeal followed.

## II. DISCUSSION

### A. *Standard of Review*

■ "In construing a statute 'we begin with the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." ' . . . 'An equally basic rule of statutory construction is, however, that courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them.' . . . Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. . . . 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' " (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856], citations omitted.)

■ "Certain fixed legal principles guide us in the construction of bail statutes. The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citation.] Thus, sections 1305 and 1306 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture. [Citation.] Where . . . statute[s] such as section[s] 1305 [and 1306] require [ ] a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, *or to perform subject to certain limitations*, an act beyond those limits is in excess of its jurisdiction. [Citations.]" (*People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 26 [211 Cal.Rptr. 204].)

### B. *Statutory Framework*

Penal Code section 1305 provides for the forfeiture of the undertaking of bail and for exoneration or reinstatement of the bond. As in effect at the time of the events relevant to this appeal, former section 1305 stated: "(a) A court shall declare forfeited the undertaking of bail . . . if, without sufficient

---

[2]The notice told Ranger that its "contractual obligation to pay this bond will become absolute on the 181st day following the date of the mailing of this notice unless the court shall sooner order the forfeiture set aside and the bond reinstated."

[3]Ranger's bond contains a consent to entry of judgment summarily.

excuse, a defendant fails to appear . . . .[4] [¶] (b) If the amount of the bond . . . exceeds [$400], the clerk of the court shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety . . . . If the notice of forfeiture is required to be mailed pursuant to this section, the 180-day period provided for in this section shall be extended by a period of five days to allow for the mailing." (Stats. 1996, ch. 94, § 1.)[5] Section 1305 further provides that if the defendant appears in court or is surrendered to custody by the bail or arrested in the underlying case "within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court shall . . . direct the order of forfeiture to be vacated and the bond exonerated." (§ 1305, subd. (c)(1).)[6] The surety insurer, the bail agent, the surety, or the depositor of money or property, may move to vacate the forfeiture. (§ 1305, former subd. (c)(4), now subd. (i).) Such a "motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period," and the court may extend this period upon a showing of good cause. (*Ibid.*) In lieu of exonerating the bond, the court may order the bail reinstated and the defendant released on the same bond if the bail is given prior notice of

---

[4]Subdivision (a) of section 1305 was amended effective January 1, 1999, to insert the words "in open court" following the word "shall." (Stats. 1998, ch. 223, § 2.) This was the only change effected by the 1998 amendment.

[5]Section 1305 was repealed and reenacted in 1993. (See Stats. 1993, ch. 524, §§ 1, 2, p. 2702.) The final sentence quoted from subdivision (b) is contained in the reenacted statute; the repealed section contained no comparable provision. (Compare Stats. 1993, ch. 524, § 2, p. 2702 with Stats. 1990, ch. 1073, § 2, p. 4442.)

[6]The quotation is from section 1305, subdivision (c)(1), which relates to the defendant's appearance in court; provisions relating to the defendant's surrender to custody by the bail or to his arrest are contained in paragraphs (2) and (3) of subdivision (c). The full text of subdivision (c), paragraphs (1) through (3) is as follows: "[¶] (1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release. [¶] (2) If, within the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, and is subsequently released from custody prior to an appearance in court, the court shall, on its own motion, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. An order vacating the forfeiture and exonerating the bond may be made on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release. [¶] (3) If, outside the county where the case is located, the defendant is surrendered to custody by the bail or is arrested in the underlying case within the 180-day period, the court shall vacate the forfeiture and exonerate the bail." (§ 1305, subd. (c)(1)-(3).)

the reinstatement and the bail has not surrendered the defendant. (*Ibid.*) "[I]f, within 180 days of the [notice] of forfeiture or . . . of the date of mailing of the notice if notice is required under subdivision (b)," it is shown that the defendant is deceased or permanently unable to appear, the forfeiture may be vacated and the bail exonerated. (§ 1305, subd. (d).) If the defendant becomes temporarily disabled, the court may order "the 180-day period" tolled. (§ 1305, subd. (e).)

Section 1306 provides that "[w]hen any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture . . . shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound." (§ 1306, subd. (a).) "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (§ 1306, subd. (c).)

## C. *Analysis*

We shall first consider the words of the statutes, as they have existed following the 1993 reenactment of section 1305, and the pertinent legislative history. We shall then discuss sequentially certain post-1993 cases construing sections 1305 and 1306, the statutory framework as it existed between 1970 and 1986, together with certain cases from that period, and the arguments made by appellant.

### 1. *The Statutes and Legislative History*

Our analysis of the words of the statutes in question follows. Section 1306, subdivision (c) declares that the court loses the power to act on a forfeited bond if "summary judgment is not entered within 90 days after the date upon which it may first be entered . . . ." We are required to fix the date upon which summary judgment "may first be entered." Subdivision (a) of section 1306 specifies that date: "*When . . . the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside*, the court . . . shall enter a summary judgment . . . ." (Italics added.) When the period of time specified in section 1305 elapses depends upon whether notice of forfeiture is required to be mailed: if the undertaking exceeds $400, notice must be mailed; if not, notice need not be mailed. (§ 1305, subd. (b).) If notice is required to be mailed, the 180-day period provided by section 1305 is "extended by a period of five days . . . ." (§ 1305, subd. (b).) Thus, if notice is required to be mailed, the period of time specified in section 1305

is 185 days; if notice is not required to be mailed, the period of time is 180 days. In the case at bar, the date upon which summary judgment could first have been entered was the 186th day following the mailing of notice of forfeiture. Accordingly, the right to enter a summary judgment against Ranger expired 275 days (180 days + 5 days + 90 days) after the mailing of notice of forfeiture. As indicated above, the court acted on the 273d day following the mailing of notice. Its action was therefore timely and not in excess of its jurisdiction.

The legislative history materials that we have reviewed are consistent with this analysis. As noted above, the provision extending the 180-day period specified in section 1305 by five days "to allow for mailing" was added by the 1993 reenactment. In discussing the background in which section 1305 was reenacted, the Legislative Counsel stated: "Existing law provides that if, within 180 days after the entry in the minutes of the defendant's failure to appear, or if mailing of the notice of the forfeiture to the surety on the bond is required within 180 days of the mailing, the defendant appears . . . , the court shall direct that the forfeiture be set aside and the bail or deposit exonerated. [¶] This bill would provide an additional 5 days to the above 180-day requirement with respect to the mailing of the notice of the forfeiture to the surety on the bond. . . ." (Stats. 1993, ch. 524, § 2, p. 2702.) The Senate Committee on the Judiciary analysis states: "This bill would extend for 5 days the 180 day period in which a surety may appear or produce the defendant in order to avoid forfeiture when notice has been mailed, and would permit a motion filed with [*sic*] the 180 days to be heard up to 30 days after the expiration of the period, or longer for good cause." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 734 (1993-1994 Reg. Sess.) as amended June 23, 1993.) The Senate Floor analysis and the Assembly Committee on Public Safety Bill analysis are to the same effect.[7] Thus, in those situations where notice of forfeiture is required to be mailed, the Legislature appears to have intended the 1993 reenactment to provide a 185-day period within which the surety may produce the defendant and seek an order setting aside the forfeiture.

### 2. *Post-1993 Cases*

We find it noteworthy that appellant Ranger has interpreted the statutes in question to provide that, where notice of forfeiture is by mail, the 90-day period for entering summary judgment begins to run on the 186th day

---

[7]The Senate Committee on the Judiciary analysis, the Senate Floor analysis, and the Assembly Committee on Public Safety Bill analysis may be accessed, with reference to 1993-1994 Regular Session, Assembly Bill No. 734, at: http://www.leginfo.public.ca.gov/bilinfo.html.

following the mailing of notice. This is shown in a decision by Division Six of this district, *People v. Ranger Ins. Co.* (1998) 61 Cal.App.4th 812 [71 Cal.Rptr.2d 806], thus: "In this case, the 180-day period for obtaining an order to vacate the forfeiture was first tolled on [date], after 123 days had elapsed. When the tolling period was terminated on [date], 57 days of the 180-day period remained. On [date], after 49 of these days had expired, the 180-day period was tolled again. This meant that when the second tolling period ended, Ranger would have eight days left to secure an order vacating the forfeiture. The second tolling period terminated on [date]. Adding the remaining 8 days of the 180-day period, plus the 5 days allotted when service of the notice of forfeiture is made by mail (see § 1305, subd. (b)), the 180-day period expired in this case on January 28, 1997. The parties filed a stipulation in the trial court confirming that this date marked the end of the 180 days. [¶] The 90-day period for entering summary judgment under section 1306 thus began to run on January 29, 1997. The judgment entered on February 6, 1997 fell well within this period." (*Id.* at p. 820.)

Ranger is thus contesting in this appeal the very thing that it agreed to in the case decided by Division Six. It is entitled to take inconsistent positions in different cases, of course, but it will have to live with the effect: its argument will appear less principled.

While not directly ruling on the point at issue in this appeal, three decisions since the 1993 reenactment of section 1305 have referred to the "185-day period" of section 1305. Division One of this district in *County of Los Angeles v. National Automobile & Casualty Ins. Co.* (1998) 67 Cal.App.4th 271, 275, fn. 2 [79 Cal.Rptr.2d 5] stated: "By virtue of a five-day extension for mailing, the actual period is 185 days. (§ 1305, subd. (b).) Inasmuch as the difference between 180 and 185 days is of no consequence to the resolution of this case, for the sake of consistency we shall refer to the relevant time span as the 180-day period." Division Three of this district referred to "the 185-day period for having a bail bond forfeiture vacated" in *County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 15 [82 Cal.Rptr.2d 214] (where surety moved to toll period to have forfeiture vacated, asserting the defendant's temporary disability, it was estopped to contend it presented insufficient facts to warrant tolling; court lacked jurisdiction to issue tolling order; and time to enter summary judgment expired). And in *People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719 [89 Cal.Rptr.2d 422] the court referred to "the 185-day period" and then stated: "One hundred eighty days after July 11, 1997, was January 8, 1998. However, the 180-day period was then extended by 5 days for mailing; therefore, the statutory period to move to set aside a forfeiture expired on January 12, 1998." (*Id.* at pp. 722, 723.)

Although the words we have focused upon from the four cases discussed above in this analysis are dicta, these cases nevertheless tend to confirm the correctness of our analysis of the statutory language, i.e., that, when notice of forfeiture is by mail, the 90-day period specified in section 1306 begins to run following the lapse of the extended period (185 days) provided in section 1305.

It is material to our interpretation of sections 1305 and 1306 that the extended period *is expressly provided for in section 1305*. The post-1993 statutory framework differs in this significant respect from that employed when an earlier version of section 1305 was in effect, which version we discuss below together with two cases construing that version; the two cases, one of which was decided in 1979 and the other, in 1984, assist in understanding this distinction.

### 3. *The 1970-1985 Statutory Framework and Cases*

From January 1, 1970, until January 1, 1986, section 1305 included a reference to section 1010 of the Code of Civil Procedure, which relates to the serving of notices.[8] This reference to Code of Civil Procedure section 1010 was interpreted in *People v. National Auto. & Cas. Ins. Co.* (1979) 92 Cal.App.3d 907 [155 Cal.Rptr. 602] (hereinafter sometimes the 1979 case) to engage the five-day extension provided by Code of Civil Procedure section 1013 where service of notice was by mail. The court held this had the effect of extending the period within which a surety could move to vacate forfeiture to 185 days. (92 Cal.App.3d at p. 912.) This is explained further below, following a discussion of section 1305 as then in effect.

Pertinent provisions of the earlier version of section 1305, subdivision (a) are quoted in the 1979 case. They read: " '[I]f at any time . . . *within 180 days after mailing . . . notice of forfeiture*, the defendant and his bail appear, and . . . show [certain facts], *the court shall direct the forfeiture* of the undertaking . . . *to be discharged . . . .* If at any time within 180 days after . . . entry in the minutes [of defendant's nonappearance and the declaration of forfeiture] or mailing [of notice of forfeiture] as the case may be, the bail should surrender the defendant to the court or to custody, the court shall direct the forfeiture of the undertaking . . . to be discharged . . . .' (Par. 2; italics added.) [¶] 'Unless waived by the . . . prosecuting attorney, *no order discharging the forfeiture* of the undertaking . . . *shall be made without opportunity for hearing and the filing of a notice of motion for* such order setting forth the basis for relief, *with proof of service upon the . . . prosecuting attorney at least 10 days prior to the time set for hearing of the motion and*

---

[8]Compare Statutes 1969, chapter 1194, sections 1, 2, pages 2326-2327, with Statutes 1982, chapter 834, section 2, pages 3156, and Statutes 1985, chapter 1486 section 1, page 5481.

*otherwise in compliance with the provisions of Section 1010 of the Code of Civil Procedure.*[9] *. . . Such notice of motion* [by the surety or other obligors] *must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination.*' (Par. 4; italics added.)" (*People v. National Auto. & Cas. Ins. Co., supra,* 92 Cal.App.3d at p. 910; Stats. 1972, ch. 1114, § 1, p. 2124.)[10]

In *People v. National Auto. & Cas. Ins. Co., supra,* 92 Cal.App.3d 907, the court rejected the People's contention that section 1013 of the Code of Civil Procedure did not apply and held that a bond agent's motion, filed on the 181st day after the court ordered the bond forfeited and the clerk mailed notice of forfeiture, was timely. The court stated: "[T]he 5-day extension of Code of Civil Procedure section 1013 is to be added to the 180-day period set forth in Penal Code section 1305 for moving the court to set aside the forfeiture and exonerate bail. *The jurisdictional time limit in this case was 185 days.*" (92 Cal.App.3d at p. 912, italics added.) The facts in this case involved a defendant surrendered within the 180-day period and a motion to set aside the forfeiture, which was made on the 181st day. (92 Cal.App.3d at p. 909.)

In *County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58 [208 Cal.Rptr. 263] (hereinafter sometimes the 1984 case) Division One of this district reached a different result without discussing the 1979 case. In the 1984 case a defendant charged in a criminal case failed to appear on December 8, 1982, and her bail was declared forfeited. Notice of forfeiture was mailed December 16, 1982. Division One declared that "[181] days

---

[9]Section 1010 of the Code of Civil Procedure (as in effect at the time relevant to the 1979 case and now) provides that "[n]otices . . . may be served upon the party or attorney in the manner prescribed in this chapter . . . ." Section 1013, subdivision (a) of the Code of Civil Procedure (as in effect at the time relevant to the 1979 case) provided that "service [by mail] is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days . . . but such extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal." (Stats. 1974, ch. 281, § 1, p. 544; Stats. 1974, ch. 282, § 2, p. 546.) Sections 1010 and 1013 appear within the same chapter of the Code of Civil Procedure.

[10]As noted above, section 1305 was amended in 1985, and the reference to Code of Civil Procedure section 1010 was dropped at that time. As amended, section 1305, subdivision (a), paragraph 4 provided: "Unless waived by the . . . prosecuting attorney, no order discharging the forfeiture of the undertaking . . . shall be made without notice by the bail to the . . . prosecuting attorney, who may request a hearing within 10 days after receipt of the notice. The court shall then set the date, time, and place of hearing and give notice to the . . . prosecuting attorney and to the bail." (Stats. 1985, ch. 1486, § 1, p. 5482.)

later, June 15, 1983, was the date upon which summary judgment could first be entered; summary judgment was in fact entered on September 14, 1983, two days beyond the ninety-day period for entry, which expired September 12, 1983." (*Id.* at p. 61.) The trial court denied Surety's motion to exonerate the bail on the ground that the five-day extension provided by section 1013 of the Code of Civil Procedure applied. Division One disagreed, reasoning as follows: "There is no compelling reason or expression of legislative intent which requires us to harmonize two statutes which, though part of the same general body of statutory law, relate to different subjects and have different objectives. Code of Civil Procedure section 1013 is primarily a general civil procedure section dealing with notice—notice of all kinds, necessary to the conduct of civil litigation in a manner consonant with due process. We note that the exceptions set forth in section 1013 itself, where the five-day extension is not applicable, include a notice of appeal, the timeliness of which *is* jurisdictional, beyond a doubt, and was recognized as such by the Legislature. Section 1013 was never intended to apply in extending *jurisdictional* limits, as seems quite clear from the language utilized in the section. [¶] . . . We hold that section 1306, subdivision (b) *did* mandate vacation of the summary judgment and discharge of the forfeiture declared in the [criminal] matter." (162 Cal.App.3d at pp. 64-65.)

We do note that the holding of Division One in the 1984 case, on facts virtually identical to those at issue here, is contrary to the result we reach. Nevertheless, we are construing a different statutory framework, and we conclude that the rationale employed by Division One in the 1984 case is not applicable to sections 1305 and 1306, as they have existed since the 1993 reenactment of section 1305, because "the period of time specified in Section 1305" (§ 1306, subd. (a)) is now *entirely within* that section (§ 1305), does not call upon the five-day extension provided by section 1013 of the Code of Civil Procedure, and differs depending upon whether the notice of forfeiture is required to be mailed or not. The Legislature has demonstrated that it is quite capable of limiting the effect of statutes extending periods of time, and such limiting language is notably absent from section 1305 as reenacted in 1993.[11]

### 4. *Appellant's Arguments*

The holding of *People v. National Auto. & Cas. Ins. Co., supra,* 92 Cal.App.3d 907, was considered in *People v. Souza* (1984) 156 Cal.App.3d

---

[11]See, e.g., Code of Civil Procedure section 1013, quoted *ante,* footnote 9, and Code of Civil Procedure section 437c, which provides as follows: "(a) . . . The filing of the motion [for summary judgment] shall not extend the time within which a party must otherwise file a responsive pleading. [¶] (b) . . . [¶] Sections 1005 and 1013, extending the time within which a right may be exercised or an act may be done, do not apply to this section."

834 [203 Cal.Rptr. 80]. The *Souza* court held that the five-day extension provided by Code of Civil Procedure section 1013 did not allow an extension of five days to *surrender* the defendant. (*People v. Souza, supra,* 156 Cal.App.3d at pp. 839-840.)

■ Appellant argues that *Souza* and another case in which a court refused to recognize an extension beyond the 180-day period to surrender the defendant, *People v. Ramirez* (1976) 64 Cal.App.3d 391 [134 Cal.Rptr. 511], show that in the 1993 reenactment of section 1305 the Legislature meant to give the surety five additional days to file a motion for relief from forfeiture but did not intend to extend the substantive and jurisdictional 180-day period for establishing grounds for exoneration. The language of the statute defeats this argument: it applies the extension to "the 180-day period provided for in this section[.]" (§ 1305, subd. (b).) "The 180-day period" is "provided for" in subdivision (b), in subdivision (c), paragraphs (1), (2), (3) and (4), in subdivision (d), and in subdivision (e). For discussion purposes, we will refer to subdivision (c), paragraphs (1) and (4). Subdivision (c)(1) is quoted *ante*, at footnote 6. Former subdivision (c)(4) provided: "Except as provided in paragraphs (1) and (2), the court, in its discretion, may require that the bail provide 10 days' prior notice to the applicable prosecuting agency, as a condition precedent to vacating the forfeiture. The notice may be given by the surety insurer [and others]. A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. . . ."

Appellant's argument—that the five-day extension applies only to the making of a motion to vacate the forfeiture but not to the surrender of the defendant—would require us to accept that the phrase, "the 180-day period provided for in this section," in subdivision (b) of section 1305 must be understood to mean: "the 180-day period provided for in *subdivision (c), paragraph (4)* [which relates to the making of a motion to vacate forfeiture] *but not the 180-day period provided for in subdivisions (c), paragraphs (1)-(3)* [which relate to the period within which a defendant 'appears . . . in court' or, either within or outside the county where the case is located, 'is surrendered to custody . . . or is arrested in the underlying case'], *subdivision (d)* [which relates to the period within which a defendant becomes permanently disabled to appear], *or subdivision (e)* [which relates to the period within which a defendant becomes temporarily disabled] in this section." The italicized language does not appear in the statute, and we will not construe the section to have that meaning.[12]

We turn to discuss the remaining cases presented by appellant. Appellant's reliance on *County of Los Angeles v. American Bankers Ins. Co.* (1996)

---

[12]In the 1993 reenactment of section 1305, the paragraphs within subdivision (c) were unnumbered. That in 1994 the Legislature amended section 1305 to provide paragraph

44 Cal.App.4th 792 [52 Cal.Rptr.2d 75], for the contention that the 90-day period provided by section 1306 begins to run on the 181st day following the mailing of notice of forfeiture, is misplaced. In that case the court did not address the effect of the five-day extension provision of section 1305, subdivision (b), and "[i]t is axiomatic . . . that a decision does not stand for a proposition not considered by the court." (*People v. Harris* (1989) 47 Cal.3d 1047, 1071 [255 Cal.Rptr. 352, 767 P.2d 619].)

Citing *County of Los Angeles v. National Automobile & Casualty Ins. Co., supra,* 67 Cal.App.4th 271, appellant argues that section 1305, subdivision (c) was held not to apply to subdivision (e) and that, therefore, the five-day provision of subdivision (b) should not apply to subdivision (c). This case held that subdivision (e), which concerns tolling the 180-day period in a case of temporary disability, did not provide a grace period in which to hear a request for tolling after the 180-day period had expired; the court refused to engraft upon subdivision (e) the provision in subdivision (c)(4), which does allow a motion to vacate forfeiture filed within the 180-day period to be heard within 30 days after the period expires. (*County of Los Angeles v. National Automobile & Casualty Ins. Co., supra,* 67 Cal.App.4th at pp. 277-280.) This case has no bearing on the language we are concerned with. Nor does *People v. American Contractors Indemnity* (1999) 74 Cal.App.4th 1037 [88 Cal.Rptr.2d 572], also relied upon by appellant, which held that when a surety attempts to set aside a bail forfeiture on the grounds specified in section 1305, subdivision (g) (defendant temporarily detained beyond the jurisdiction of the state), the provisions of Code of Civil Procedure section 1005, subdivision (b) govern the length of notice of hearing to be given to the prosecuting attorney. (*People v. American Contractors Indemnity supra,* 74 Cal.App.4th at p. 1040.)

Finally, the cases decided during "the early days of Section 1305," which appellant relies upon (*People v. Black* (1961) 55 Cal.2d 275 [10 Cal.Rptr. 459, 358 P.2d 915]; *People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380 [31 Cal.Rptr. 208]; *People v. National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150 [51 Cal.Rptr. 212]; *People v. National Automobile & Cas. Co.* (1969) 276 Cal.App.2d 480 [80 Cal.Rptr. 790]), simply involved a different statutory scheme and are inapplicable to the statute in existence after the 1993 reenactment.

5. *Conclusion*

We conclude that, where notice of forfeiture is by mail, summary judgment may first be entered on the 186th day following the mailing of notice, and the court's power to enter summary judgment expires on the 275th such

---

numbers within subdivision (c) (and to make other changes, with which we are not concerned in this case) does not alter this analysis.

day. In other words, when notice of forfeiture is by mail as provided in section 1305, subdivision (b), the 90-day period specified by section 1306, subdivision (c) begins to run after 185 days following notice have elapsed. Our holding is based upon, and strictly construes, the plain language of the statute.

## III. DISPOSITION

For all the foregoing reasons, the judgment is affirmed. Respondent shall recover its costs.

Hastings, Acting P. J., and Curry, J., concurred.

On January 26, 2000, the opinion was modified to read as printed above.